BOARD OF COUNTY COM'RS OF ARAPAHOE CO. v. CROTTY.

The board of county commissioners adjudged the bond of a justice of
the peace insufficient, and refused to approve the same. Proceed-
ings were instituted for a writ of *mandamus* to compel the board
to approve the sureties. *Held*, that *mandamus* would not lie to con-
trol the board's discretion in the matter; it being authorized by
statute (section 1942, Gen. Laws) to judge of the sufficiency of offi-
cial bonds of this character.

### *Error to the Superior Court of Denver.*

ONE of the sureties on the official bond of the defend-
ant in error, who was a justice of the peace of Arapahoe
county, gave notice to the board of county commissioners,
as provided by law, that he was not longer willing to be
such surety. Thereupon the county clerk notified said
justice of the fact, and likewise that the board of county
commissioners required him to file other surety as re-
quired by law. The justice filed a new bond, which the
said board of county commissioners, at a regular meet-
ing held five days afterwards, adjudged insufficient, and
refused to approve. The defendant in error thereupon
instituted this proceeding in the superior court of Denver,
for a writ of *mandamus* to compel the board to approve
the sureties, alleging their sufficiency, and alleging, on
information and belief, that the action taken by said
board was with a view of making it impossible for the
petitioner to give a bond that the board would approve in
order that it might declare the petitioner's office vacant.
The court granted an alternative writ, whereupon the at-
torney of the board appeared in court, and raised the
question of the court's jurisdiction to grant the relief
sought by demurring to the petition. The court over-
ruled the demurrer, and awarded a peremptory writ, com-
manding the board to approve the bond. This writ of
error was sued out, and, being made to operate as a
*supersedeas*, stayed the execution of said writ.

Mr. WM. B. MILLS, County Attorney, for plaintiff in error.

BECK, C. J. The rule is well established that, where the exercise of official discretion or official judgment is required of an officer or board, *mandamus* will not lie either to control the exercise of such discretion, or to determine what judgment shall be given. If an officer or board of officials, vested by law with discretionary powers, refuse to act, *mandamus* is the proper remedy to compel action, but not to interfere with the exercise of official discretion or judgment. High, Extr. Rem. § 42, and authorities cited.

By section 1942, Gen. Laws, the board of county commissioners is authorized and empowered to judge of the sufficiency of official bonds of this character and to approve the same. Upon tender of the new bond the board appears to have taken prompt action to investigate its sufficiency. The result of that investigation was expressed by its resolution, in these words: "It is deemed that said bond is insufficient for the public security." If, then, the order for the peremptory writ be sustained, it must be sustained on the theory that the bond is sufficient, notwithstanding the action of the board of county commissioners. But to so decide would be to set aside the official judgment and discretion of the body authorized by law to determine the sufficiency and to approve such security, and to substitute therefor the judgment and discretion of a tribunal not clothed by law with such powers. It is plain, therefore, that the judgment cannot be sustained. *Howland v. Eldredge*, 43 N. Y. 460.

Judgment reversed and cause remanded, with directions to the superior court to dismiss the proceeding at the cost of the petitioner.

*Reversed.*