[No. 3813.]

THE PEOPLE EX REL. DENISON v. BUTLER, AS JUDGE OF THE DISTRICT COURT.

1. MANDAMUS.
The writ of mandamus should never go, unless among other things, the following jurisdictional facts are made to appear; *first*, a clear legal right in the party praying the writ to have the act performed·for which he seeks the aid of the court; *second*, a clear legal duty on the part of the officer sought to be coerced; *third*, that the remedy when issued will be effectual as a remedy.

2. SAME.
The writ of mandamus will not go to control judicial discretion, or to compel an inferior tribunal to act in a particular manner, or to enter a particular judgment or order, but only to compel the doing of some act which it is clearly the duty of the lower court to do.

3. EVIDENCE—ORDER OF PROOF.
The order of proof is always within the discretion of the trial court, and not subject to review by appellate tribunal except in case of gross abuse of discretion.

4. INJUNCTION—GOOD FAITH.
In a suit by a third party to cancel a contract for paving streets, made by a municipality with one of the defendants, on an application for temporary injunction to restrain the carrying out of the contract until final hearing, when the court, from a reading of the complaint, entertained suspicions of a lack of good faith of plaintiff, it was justified in requiring plaintiff to first show by evidence his good faith in prosecuting the suit before hearing other testimony offered

VOL. XXIV—26

by plaintiff. If the plaintiff was not in good faith prosecuting the action in his own interest and the interest of other property holders, he was not entitled to the injunction, however strong in other respects the merits of the case.

5. MANDAMUS—INTERLOCUTORY PROCEEDINGS.

The writ of mandamus will never issue when it would be manifestly inoperative, and not usually to review interlocutory proceedings of courts.

6. SAME—RULINGS OF COURT.

The rulings of courts upon questions of law or fact arising in a case, or upon questions of practice and rules of court, are not subject to review in a mandamus proceeding.

*Original application for Mandamus.*

Mr. S. L. CARPENTER, for petitioner.

Mr. GEO. C. NORRIS and MR. A. B. SEAMAN, for respondent.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This is an original application for a writ of mandamus to compel the respondent Calvin P. Butler, as one of the judges of the district court of the second judicial district, to entertain and determine plaintiff's motion for a temporary writ of injunction in a cause now pending in said court wherein the petitioner here is the plaintiff there. The respondents have demurred to the petition upon the ground that it does not state facts sufficient to entitle the petitioner to the relief asked.

The object of the action in the district court was to cancel and annul a contract for grading and paving streets which was entered into between the city of Denver upon the one side and William Hayden upon the other. Work under the contract had been begun by Hayden when an application, to be based upon the complaint, affidavits, and oral evidence, was made by the plaintiff for a temporary writ of injunction to restrain the defendants from the further carrying out of the contract in question until final hearing could be had.

When notice of the application was given, there was an issue of law pending in the action upon the general demurrer of the defendants to the plaintiff's complaint. Upon the day set for its hearing, the parties, attended by their attorneys, were present in court ready to proceed therewith, when the presiding judge of the court, after reading the complaint which, according to the notice, was to constitute a part of plaintiff's evidence, announced that from his examination thereof it appeared to him that the cause of action was very trivial, and that there was enough in the bill to raise in his mind a doubt as to whether the suit was instituted and being prosecuted by the plaintiff in good faith, and in his own interest and the interest of the other property holders. Of his own motion, therefore, he asked that the plaintiff first testify as to these matters in order that the court might be further advised in the premises, but the plaintiff refused to comply with this request, and the court declined to proceed further with the hearing, and thereupon entered the following order:

"At this day comes the plaintiff in person and by S. L. Carpenter, Esq., his attorney, and the defendants by their attorney A. B. Seaman, Esq., also come and thereupon this cause coming on to be heard upon the motion of plaintiff for a temporary writ of injunction herein, and it appearing to the court, after examination of the complaint, that the matter was very trivial, and that there was enough in the bill to suggest to the mind of the court a doubt as to whether or not the suit was being prosecuted by the plaintiff in good faith, and in his own interest and in the interest of the other property holders, and the court requiring the plaintiff to be sworn and questioned relative to the real party in interest and the motives of the suit, and the plaintiff refusing to be sworn and to so testify, the court refused to hear said motion."

The petitioner here (plaintiff in that case) now asks for an order requiring the lower court to hear and determine said motion. In a number of cases this court has discussed the

scope and functions of a proceeding in mandamus; and from these, and other authorities it is clear that the writ should never go unless, among other things, the following jurisdictional facts are made to appear: *first*, a clear legal right in the party praying the writ to have the act performed for which he seeks the aid of the writ; *second*, a clear legal duty to act on the part of the officer sought to be coerced; *third*, that the writ, when issued, will be effectual as a remedy. *Daniels v. Miller*, 8 Colo. 542; *Union Colony et al. v. Elliott*, 5 Colo. 371; *Arapahoe County v. Crotty*, 9 Colo. 318; *Ditch Co. v. Maxwell*, 4 Colo. App. 477; High's Ex. Legal Remedies (3d ed.), § 9 *et seq.*, and authorities referred to.

The authorities are uniform that the writ does not go to control judicial discretion, or to require an inferior tribunal to act in a particular manner, or to enter any particular judgment or order, but only to compel the doing of some act which it is the clear legal duty of the lower court in some way to do. High's Ex. Legal Remedies, § 24. They are not, however, harmonious as to just when this remedy should be granted, where the court sought to be controlled has refused to pass upon the merits of a cause on account of some preliminary objection upon a point of law. The only cases cited by the petitioner here which he claims warrant the granting of the pending application are *Castello v. St. Louis Circuit Court*, 28 Mo. 259, and *The People ex rel. Wiley v. The Judge of Allegan Circuit*, 29 Mich. 487. We do not conceive that the case, as made by petitioner, is one where the trial court entirely refused to act. But let us examine these two authorities in the light of petitioner's own theory. In the former case the trial court dismissed the petition in an election controversy because the contestant had not given to the contestee the notice required by statute. The majority of the supreme court awarded a temporary writ of mandamus upon the ground that the objection upon which the proceeding was dismissed was purely a question of law as to a preliminary matter, and that if the trial court mis-

construed the law, relief might be administered by the supreme court by mandamus.

The case was reviewed at length by this court in *Union Colony v. Elliott, supra,* in which the view of Mr. Justice Scott in his dissenting opinion was commended, the court saying:

" This case " (referring to *The King v. The Justices of the First Riding of Yorkshire,* 5 Barn. & Adol. 667) "appears to support the views of Justice Scott in respect to the distinction between *points preliminary,* so called, and likewise the distinction which the law makes in respect to the rulings thereon. · Where the point involves a rule of law or rule of court and likewise a question of fact which may go to the legal merits of the controversy, the decision is within the discretion of the court, and, if erroneous, cannot be controlled by mandamus. But it is otherwise if the court require an act to be done or proof to be made before proceeding to the merits, which is not required by any rule of law, of practice, or rule of the court, and which imposes unnecessary hardship on a party."

In view of this decision, the majority opinion in the Missouri case is not authority for petitioner; and we may add that the dissenting opinion states the law in accordance with the decided weight of authority.

It has been said by the learned author of High's Extraordinary Legal Remedies ( 3d ed. ), § 187, that in Michigan and Alabama (and we might add Louisiana and, to some extent, California) there is a noticeable departure from the well established rule obtaining in the other states of the Union and in England. Aside from this, we think even' the Michigan case, *supra,* is not authority for the proposition contended for by the petitioner here. The court in that case, speaking by Mr. Justice Christiancy, says:

" If the inferior court has acted judicially in the determination of a question of fact, or a question of law, at least if the latter be one properly arising upon the case itself, and not some collateral motion or matter,—that is, if the case or

proceeding before it, upon the facts raised the particular question in such a shape as to give the power judicially thus to determine it, — then such determination, however erroneous, cannot be reviewed, nor can any order the court may have made, or action it may have taken in consequence of it, be disturbed or reversed or reviewed by mandamus; if the action or order be such as would be justified by the same decision or determination when correctly made. * * * But if the case before the lower court does not, upon its facts or the evidence, legitimately raise the question of law or fact it has assumed to decide, so that the court could act judicially upon it, or so as to give the court the power judicially to make the decision it has assumed to make, then its action is not properly judicial, and no assumed determination of it, nor any order resting upon it, will preclude the remedy by mandamus, provided the case be in other respects a proper one for that species of remedy."

Even assuming, then, with petitioner that the court below erroneously determined a preliminary point of law, under the doctrine of the Michigan case it is one properly arising in the case, and is not to be reviewed by mandamus. Yet if it was, the decision below was right.

But an examination of the record before us shows that the lower court did not, by any means, absolutely refuse to hear the plaintiff's application for the temporary writ. On the contrary, the hearing was entered upon to the extent that the complaint was read by the court, and the court refused to proceed with the further hearing of evidence in behalf of the plaintiff until, by his testimony, he first satisfied the court that he was in good faith prosecuting the action, or until he introduced some evidence to negative the conclusion of fact to the contrary, to which, from the reading of the complaint, the court seems to have arrived.

Certainly in this course of conduct there was a judicial determination of a fact, based upon the complaint,—a part of plaintiff's own proof, viz: that the plaintiff was not in good faith prosecuting the action. This fact, moreover, bore

directly upon the merits of the cause; for, if plaintiff was
not prosecuting the action in good faith, or if the matter
was very trivial in its nature, or if the plaintiff was not pros-
ecuting in his own interest and the interest of the other
property holders,—he was entitled neither to a temporary
writ of injunction, nor, upon the final hearing, to the per-
manent writ sought; even though the contract was void,
and in all other respects the plaintiff brought himself within
the rule entitling a party to an injunction. High's Ex. Legal
Rems. § 26; High on Injunctions, §§ 11, 1580.

If, however, it should be contended, as the plaintiff does
here, that the court was merely passing upon a preliminary
objection which was purely a question of law, we must assume,
in the absence of opposing evidence, that, in refusing further
to proceed, the court was acting in accordance with some
practice, or rule of court, or was merely acting in accordance
with that well-known rule under which the order of proof is
always within the discretion of the trial court, and not sub-
ject to review by an appellate tribunal except in case of gross
abuse of discretion.    Or, if such ruling raises purely a ques-
tion of law, other than a rule of practice, or rule of court, on
a preliminary objection, and if it is subject to review here, we
should hold that the trial court correctly decided, and in no
sense abused its discretion when it made plaintiff's right to
produce additional evidence conditional upon his first show-
ing his good faith.    Indeed, we think such was a wise pre-
caution for the court to take, for it would be entirely useless
to proceed to take other testimony offered by the plaintiff,
if the fact was apparent to the mind of the court that the
plaintiff was not in good faith prosecuting the action, as, in
such circumstances, no showing on the merits, however strong,
would entitle the plaintiff to the order prayed for.    High on
Injunctions, §§ 11, 1580.

There is another reason why this application should be
denied.    The granting or refusing of a temporary writ of
injunction, being interlocutory in its nature, is discretionary
with the trial court.    Now, if we should grant the writ of

mandamus, it would be to compel the district court to go on with the hearing upon an application for an order which the court in the exercise of its own discretion, may, or may not, grant. If the court below had absolutely refused altogether to enter upon the hearing, we might require it to do so. But if, as the record shows, it refused to proceed because it found from an inspection of the complaint that the plaintiff was not in good faith prosecuting the action, it would be altogether futile for us to compel a hearing when it is morally certain that the order upon the application should be, and would be, refused; for, if the court was satisfied from the evidence already before it that the plaintiff was not prosecuting the action in good faith, we have a right to presume that the court is still of the same opinion, and unless, to overcome that state of mind of the judge, the plaintiff should produce evidence, which once he has refused to do, the court would withhold, and ought to withhold, the writ. High on Injunctions, § 1580. The court had the undoubted right to require a full disclosure of the facts, and might begin the hearing by calling upon the plaintiff to testify as to his good faith, and, if he refused to testify, to proceed no further. High on Injunctions, § 11. It is a well-known principle that the writ of mandamus will never issue when it would manifestly be inoperative, and not usually to review interlocutory proceedings of courts, except in those states already referred to as having departed from the general rule. Merrill on Mandamus, § 196, *et seq.*

If the determination of the trial court, based upon the complaint itself, that the plaintiff was not acting in good faith, be a conclusion of fact, as we think it is, it is unquestionably a judicial determination fairly arising in the case and going to the legal merits. If it be a conclusion of law, and, as petitioner claims, jurisdictional in character, it also arises in the case, and necessarily goes to the merits of the application then pending, and was correctly decided. Moreover, if the decision was upon a preliminary point of law, it would, as it seems to us, pertain rather to a question of

practice or rule of court, which extends to the merits of the cause, or relates to the order of proof, which is discretionary with the trial court. In either event, the ruling is not subject to a review in a mandamus proceeding.

In addition to these considerations, we have, as we think, already clearly shown that the granting of the writ would be inoperative. As sustaining the foregoing views, see High's Ex. Legal Rems. (3d ed.) §§ 10, 23, 24, 152, 163, 165, —the latter section citing *Thomas v. His Creditors*, 1 Har. (N. J.) 272, and *Res Publica v. Clarkson*, 1 Yeates (2d ed.) 46, cases involving a similar point to the one at bar,—188, 189, 196; *Ex parte Hurn*, 13 L. R. A. 120; Merrill on Mandamus, § 196, *et seq.*; Moses on Mandamus, chap. 3.

Our conclusion is that the demurrer to the petition should be sustained and the petition dismissed with costs against the petitioner, and it is so ordered.

*Dismissed.*

ON REHEARING.

PER CURIAM. In his application for a rehearing, counsel for petitioner concedes that the question of the good faith of one asking for a writ of injunction is one of fact, and not of law; and in the opinion it was not our intention to represent him as otherwise claiming. In view of the fact, however, that some of the authorities upon which he relied were predicated upon the ground that the lower court erroneously determined a preliminary point of law, we did say that if it was contended that the point below decided against petitioner was one of law, it was correctly ruled; therefore, no ground of complaint.

In this petition, as in the original hearing, counsel insists that this question of fact was not properly in the case at the time it was passed upon. He contends that the good faith of a plaintiff is always presumed, and unless controverted by the defendant, may not be raised by the court. We have already tried to show why such point, even if good as a

general proposition, does not avail the petitioner upon his application for a writ of mandamus. Under our code, an application for a temporary restraining order may be made and heard before the answer is due, and before issues of fact are joined by formal pleadings, and this was done in the district court.

Now, when a party comes into court, asking equity, he must come with "clean hands," and his good faith in prosecuting the suit is always a subject of pertinent inquiry. Even if, in an application for the temporary order, in the absence of contrary proof, it is presumed that the plaintiff is acting in good faith, that question, nevertheless, may be gone into; and the presumption may be overcome by proof, even in the absence of denial in a pleading. As we have said, the plaintiff below, petitioner here, in this instance based his application in part upon his verified complaint. It was not necessary for him formally to offer it in evidence; certainly not, if the defendant interposed no objection to its being so considered. It was already on the files prior to the hearing; it was the privilege of the court to read it either before or at the hearing. As a matter of fact, the court did read the complaint, whether before or at the hearing is immaterial; and as a result of that reading, a doubt was created in the judge's mind as to the good faith of the plaintiff. The question of good faith being, as is conceded, one of fact, to determine which evidence was proper, the court resolved that fact against the plaintiff, and based the ascertainment upon what was a part of the plaintiff's own evidence. Such decision of a question of fact cannot be reviewed by mandamus. The court, therefore, unquestionably had the right, before proceeding further, to require the plaintiff to testify as to this point. When the plaintiff declined to be sworn, the court properly refused to go on with the hearing. This application for rehearing should be denied, and it is so ordered.