[No. 3982.]

The People ex rel. The Broadmoor Land & Improvement Co. et al. v. The District Court of Pueblo County and John H. Voorhees, Judge.

1. Mandamus—Judicial Discretion—Mandate from Appellate Court.

Where the appellate court reverses a case and in its mandate directs the lower court to grant the relief to the plaintiff prayed for in the complaint, but without specifying particularly the relief to be granted, it is the duty of the lower court to consider the opinion of the appellate court, together with its mandate, to determine what relief should be granted. The act of the lower court in entering judgment in such case is a judicial and not a ministerial act, and if error is committed it is not one that can be reviewed by mandamus.

2. Same.

Where a mandate of the appellate court reversing the judgment of the lower court directed the lower court to grant the relief prayed for and to cause a reference to be made to determine the question of damage, it is purely discretionary with the lower court whether he appoints a referee to consider the evidence or hears the evidence himself, and the appellate court will not interfere with his discretion by writ of mandamus to compel him to appoint a referee.

*Original Proceeding for Mandamus.*

Messrs. Wolcott & Vaile and Mr. C. W. Waterman, for petitioners.

Mr. John H. Voorhees, Messrs. Brooks, Stimson, Wilcox & Campbell and Mr. Henry A. Dubbs, for respondents.

PER CURIAM.   This is an original proceeding for writ of mandamus brought by petitioners for the purpose of compelling the district court of Pueblo county and Hon. John H. Voorhees, one of the judges thereof, to enter a specific decree in a cause pending therein, entitled " The Broadmoor D. & L. S. Co. et al., Plaintiffs, v. The Brookside W. & I. Co. et al., Defendants." That action was brought by plaintiffs to restrain the defendants from diverting through a pipe line of the latter, the water of Cheyenne creek, their claim being that their rights to the waters of that stream were superior to those of defendants.   Prior to its commencement, the priorities of the parties to that action in the waters of the stream, or those whose rights they had acquired, had been adjudicated under the law governing the adjudication of water rights.   The answer of the defendants attempted to raise the question of the validity of these proceedings, and asked that they be declared null and void, and that the priorities of the respective ditches involved be readjudicated. The trial court held the decree invalid, and rendered judgment readjudicating the priorities of the respective ditches, through which the parties claimed their rights to the waters of the stream, from which judgment the plaintiffs appealed to this court, which held that the adjudication decree was valid, reversed the judgment, and, as the rights of the parties, as disclosed by the pleadings and evidence, depended entirely upon that decree, and it appearing therefrom that the rights of plaintiffs were superior to those of defendants, directed the lower court to grant the relief prayed in the complaint.   *Broadmoor D. & L. S. Co. et al. v. Brookside W. & I. Co. et al.*, 24 Colo. 541.   This prayer, among other things, demanded that defendants be required to remove their reservoir and pipe line, and disconnect the same from the waters of Cheyenne creek, and that they be enjoined and restrained from selling or disposing of any of the waters of the stream diverted through their pipe line, and also enjoined from in any manner interfering with the natural flow of the waters of the stream down and into the headgate of plaintiff's

ditch, and that the court cause a reference to be made for the purpose of ascertaining the damages sustained by them on account of the diversion of the water of the stream by defendants. Upon receipt by the lower court of the remittitur from this, plaintiffs presented to the former a form of decree which required the defendants to perform or refrain from the acts above noticed, which decree the court refused to adopt and directed one to be entered, whereby defendants were restrained and enjoined from taking the waters of the stream by means of their reservoir and pipe line connected therewith, or by any other means interfering with the natural flow of the creek down past and into the headgate of the ditch of plaintiffs, to the extent of the priorities of that ditch, as recognized in the adjudication decree. It also directed that plaintiffs have and recover of defendants nominal damages in the sum of $1.00 and costs. This proceeding is brought to compel the respondents to set aside that decree and enter the one tendered by the petitioners.

Petitioners claim that because the mandate of this court to the lower was, that it grant them the relief prayed for in their complaint, they are entitled to a decree granting them literally what was demanded in the prayer of that pleading. At the outset, a question is raised with respect to the authority of this court to entertain this proceeding, for the reason, as suggested by respondents, that the direction of this court to the lower was not to enter a specific decree, but that obedience to our mandate involved the exercise of a judicial function on the part of the respondent judge, and not the performance of an act which is purely ministerial, and that, therefore, mandamus will not lie to correct errors, if any there be, in his interpretation of the opinion and mandate of this court in the original cause. The mandate in this instance was not specific in the sense that the lower court was directed to enter a decree providing for specific matters, unless it can be said that because reference was made to the prayer of the .original complaint, the court was directed to grant the relief prayed for literally. The mandate and the opinion upon

VOL. XXVI—26

which it is based, must be construed together, and therefrom determine the direction which is to be followed, and particularly is this true when the mandate, as in this instance, is general, and refers to something elsewhere for particulars.

In order to understand the direction of this court, when it reversed the original case, resort must be had to the opinion for the purpose of ascertaining what was decided, and upon what the rights of the parties were predicated. In that case this court decided that these rights were dependent upon the adjudication decree, and that as between the parties to the action, the waters of Cheyenne creek must be distributed in accordance therewith; and although it directed, in a general way, the lower court to enter a decree in favor of the plaintiff in accordance with the prayer of their complaint, that direction can only be construed to mean the entry of a decree recognizing their rights, with such provisions as were necessary to protect them; or, in other words the general mandate, although referring to the prayer of the original complaint, could only embrace such relief as it appeared from the opinion upon which it was based, the parties affected thereby were entitled to. To determine this involved the exercise of a judicial function, by examining the opinion for the purpose of ascertaining what was directed, upon what the rights of the parties interested depended, and, finally, in the absence of specific directions, the formulation of a decree recognizing and protecting these rights. Whether mandamus will lie as against respondents depends, then, upon whether or not the judge against whom the writ is asked has obeyed the mandate of this court. The only matter of which petitioners complain, is, that he has not given them the full relief to which they claim to be entitled, by directing that the defendants in the original action disconnect their pipe line from the waters of the stream, sell no water which they may divert therefrom through that means, and others connected with the subject of the controversy of a prohibitory character; but, in lieu thereof, directed one which petitioners claim does not recognize or protect their rights to the full

extent to which they are entitled. This is a difference of opinion between counsel and the court; the latter has not attempted to evade the mandate of this court, or permit proceedings different from those directed, but has endeavored to direct a decree which, in its judgment, is proper according to its construction of the opinion and mandate, which it was its duty to follow. If an error in this respect has been committed, under such circumstances it is not one which can be reviewed or corrected by mandamus.

There is but one further matter to consider, which relates to the refusal of the court to order a reference. If for any possible reason the action of the court in this respect could be reviewed in this proceeding, it would be necessary for petitioners to show that they were prejudiced by that action. Give our mandate the broadest possible scope, with regard to the matter of reference, and it could refer to nothing further than a direction for the lower court to ascertain the damages to which petitioners were entitled. A reference is not relief, but a means or channel through which the plaintiffs might establish their right to it, in the way of damages, but whether or not the court would order one was purely discretionary; it might prefer to hear the evidence on that subject, and determine that question for itself. Petitioners did not offer to produce any evidence to establish their damages, nor did the court refuse to consider that question further than it declined to appoint a referee, as requested. It does not appear that the respondent judge has refused to follow the direction of this court. If he has erred in his judgment in endeavoring to do so, that is a matter which we cannot determine in this proceeding. The writ of mandamus is denied, and the proceeding dismissed at the cost of petitioners.

*Writ denied.*

CAMPBELL, C. J., not participating.