[No. 3776.]

ADAMS v. WARREN.

1. PRACTICE—CAUSE REMANDED FOR ACCOUNTING—COUNTERCLAIM— NEW CAUSE OF ACTION.

Where a decree for plaintiff in an action to establish a trust in real estate was affirmed conditioned that title should not vest in plaintiff until he paid to defendants all taxes paid by them and the cause was remanded with directions to the lower court to take an accounting of taxes paid, the plaintiff could only introduce in evidence as against the taxes, matters purely defensive, and it was erroneous to permit him to offset the taxes with a counterclaim for personal property received and money collected by defendants, as such counterclaim introduced an entirely new cause of action.

2. SAME.

Where a decree for plaintiff in an action to establish a trust in real estate was affirmed conditioned that plaintiff reimburse defendants for taxes paid in excess of the money, if any, received by defendants for plaintiff, and the cause was remanded for an accounting, the direction of the court must be construed as meaning all taxes paid in excess of money received from plaintiff for that express purpose, and will not permit plaintiff to offset the taxes with a counterclaim for money or property received by defendants for any other purpose, and the fact that the replication in the original cause averred that defendants had received funds belonging to plaintiff for which no account was rendered, did not make such funds a part of the original action, so that the items thereof could be offset against the taxes paid.

3. PRACTICE—NEW CAUSE OF ACTION—OBJECTION TO EVIDENCE.

Where a cause was affirmed but remanded to take an accounting of taxes paid by the defendants against whom the judgment was rendered, and the plaintiff offered to offset the taxes by counterclaim of a new

cause of action, objection to the departure could be raised by objection to the introduction of evidence without a motion or demurrer for that purpose.

*Error to the District Court of Arapahoe County.*

THIS action was originally commenced by plaintiff in error against defendants in error to establish a trust in certain real estate, which had descended to them as the heirs of John W. Iliff, deceased. From a judgment in his favor, defendants in error appealed to this court, where the judgment was affirmed, but the cause remanded with directions to take an account of the amount of the taxes paid by the deceased and defendants in error, and that the repayment of the same should be made a condition precedent to the divestiture of title. *Warren v. Adams*, 19 Colo. 515. Pursuant to this order defendants in error filed an answer, in the court below, setting up their claim on account of taxes paid upon the lands in controversy, which they were entitled to have repaid. To this answer, plaintiff in error filed a counterclaim, by which it was asserted that on account of moneys collected by the deceased and property disposed of which had been placed in his hands, there was due him from the estate of the deceased a sum largely in excess of the amount paid for taxes on the lands in question, for which sum he prays judgment against defendants in error. Testimony of witnesses to establish this claim was received over the objection and exception of the defendants in error, the ground of such objections being that by the former opinion of this court the inquiry was limited to the amount of taxes paid upon such lands by deceased and themselves, and that the items of the account, as stated in the counterclaim have reference to dealings with the deceased in no manner connected with the lands in controversy. From the evidence introduced by the respective parties, the court found that the taxes paid, which defendants in error were entitled to be repaid, amounted to the sum of $2,762.10, and that the value of the personal property taken and held by deceased and money collected by him belonging

to plaintiff in error, to the sum of $24,750. On these findings of fact, judgment was rendered offsetting against the claim of defendants in error for taxes paid, the value of the personal property held by deceased, and money collected by him on account of plaintiff in error, but that the latter was not entitled to a judgment for the difference. From this judgment, plaintiff in error brings the case here for review, claiming that he is entitled to a judgment in his favor for the difference between the two sums. Defendants in error assign, as cross errors, the judgment of the trial court in offsetting the value of the personal property claimed to have been turned over to deceased, and the money collected by him against the amount advanced for taxes; and also the action of the court in overruling their objections to the introduction of testimony in support of the counterclaim. The parties to this proceeding bear the same relation as in the trial court, and for that reason will be referred to in the opinion as plaintiff and defendants.

Mr. THOS. B. STUART, Mr. CHAS. A. MURRAY and Mr. J. C. HELM, for plaintiff in error.

Mr. DANIEL PRESCOTT and Mr. THOMAS MACON, for defendant in error.

MR. JUSTICE GABBERT delivered the opinion of the court.

Counsel for plaintiff contend that he is entitled to establish his counterclaim against the estate of deceased, and incidentally, as a personal obligation of defendants, to the extent that they may have received property as the heirs of deceased, for the reason that such property to a value sufficient to satisfy his claim, is held by them in trust for that purpose. Defendants having been defeated in their contention that the land in question was their absolute property, were entitled to be repaid the taxes paid thereon by the deceased and themselves. When the cause was remanded they

asserted this right by an answer.   To defeat this claim, plaintiff could properly plead, by way of replication, and prove, any facts constituting a defense to it which was purely defensive, or, by way of reply, could controvert or avoid the claim for taxes, but nothing more.   He could not do so, however, by pleading or attempting to prove a new cause of action over the objection of the defendants, for the reason that such a defense to their right to be reimbursed for taxes paid would be a departure from the cause of action stated in his complaint.   Bliss on Code Pleading (2d ed.), § 396.   The transactions between plaintiff and deceased, as stated in the complaint, and the counterclaim interposed to the claim of defendants to be reimbursed for taxes, were entirely distinct and separate.   Neither had any connection with the other. In his former pleading, no claim was attempted to be asserted by plaintiff upon the transaction which he now seeks to make the basis of a cause of action against the defendants in his counterclaim; consequently, by the latter, he has attempted to state a new and independent cause of action, and not matter which merely supported the one stated in the complaint, and therefore, by his replication, has clearly departed from the cause of action originally pleaded.   *Durbin v. Fisk*, 16 Ohio St. 533; *Lillienthal v. Hotaling*, 15 Oregon, 371; 6 Ency. Pl. & Pr. 461.

Plaintiff is limited in his recovery to the cause stated in his complaint, in which the land in question was the only subject-matter of controversy.   For these reasons the items of the counterclaim could not be made the basis of a set-off as against the taxes advanced by the deceased, Iliff, or the defendants, nor established as a claim against the latter in this action for the excess.   The testimony received in support of plaintiff's counterclaim should have been rejected.   The judgment of the district court is, therefore, reversed upon the cross errors assigned by defendants, and the cause remanded, with directions to dismiss ths cross-complaint of plaintiff, and render judgment in favor of defendants for the amount of taxes found to have been paid by them and-

deceased upon the lands in question, with interest, and that such sum, together with the costs incurred by them in this court in this case, as well as below on the accounting, be repaid by plaintiff before title to such lands vested in him, and that on failure to pay such sum within some reasonable time to be fixed by the trial court, the decree establishing the trust be set aside and the action of plaintiff dismissed.

*Reversed and remanded.*

### ON PETITION FOR REHEARING.

PER CURIAM. In his petition for rehearing, counsel for plaintiff urged upon our attention three points:

1. That the order for an accounting was by the express direction of this court, independent of anything which appeared in the pleadings in the cause then considered, and being so, he was entitled to at least offset the money received by deceased against the taxes advanced on the land in question.

2. That we are mistaken in concluding that the matters set up by plaintiff in his counterclaim were not connected with the original trust.

3. That failing to attack the cross-complaint by an appropriate plea amounted to a waiver on the part of defendants to have the question of its materiality determined.

The first proposition is based on the opinion in the original cause (19 Colo. *supra*), which is as follows:

"It is finally asserted by counsel for appellant that if the decree can be maintained upon other grounds, that it is erroneous in not decreeing an account of the amount of taxes paid by appellants and their ancestor. It is admitted that no such claim was made in the pleadings, nor in any way asked in the court below. This question, therefore, is not presented by the record, and cannot be considered on this review. We, however, agree with counsel that upon an affirmance of this decree, appellants are entitled to an accounting for the amount of taxes paid by them and their ancestor, and

to be reimbursed for all sums so paid in excess of the money, if any, received by Iliff for plaintiff, and that the payment of the same should be made a condition precedent to the divestiture of the title. "

In directing that the decree of the trial court should be affirmed, this court stated that such decree should "not take effect as to the conveyance of the title until the amount found to be due appellants, if any, on account of the payment of taxes shall be first paid; " and remanded the cause, with directions to the trial court to take such accounting. This direction did not contemplate that either party should introduce a new cause of action; on the contrary it merely held that a matter which was part of, and connected with, the original cause should be determined. This could only be done, so far as defendants were concerned, by an amendment which they filed for the purpose of presenting this question for adjudication. By so doing, they interposed a defense only, and not new matters, or a new cause of action. To this answer, as we have said, plaintiff could plead and prove facts which were simply defensive, but nothing more. The opinion in the original cause from which we have quoted does say that defendants shall be reimbursed for taxes paid in excess of the money, if any, received by deceased for plaintiff. This language cannot properly be construed into meaning that a new cause of action could be interposed by plaintiff, and therefore could only refer to moneys which he had paid Iliff for that express purpose; in other words—to moneys which he could prove Iliff had received under plea of payment on this account. No such plea was interposed.

We think we are correct in asserting that the items of the counterclaim of plaintiff are not connected with the original trust. In any event, he failed to make a claim on this account originally; and even if these items were connected with the trust in the lands, pleading them as a counterclaim was stating a cause of action upon which no claim such as is now sought to be asserted was founded under the original pleadings in the cause. In this connection we notice it is claimed

that in the replication of plaintiff filed in the original cause, it was averred that deceased had received funds belonging to plaintiff, for which no account was ever rendered. From the averments of this pleading, it is manifest there was no thought or intention of setting up a claim against defendants on account of these funds, except for the purpose of avoiding the effect of their plea, that they and their ancestor had paid the taxes upon the lands for a long period of time antedating the time the original action was commenced, by pleading inferentially that deceased must have applied these funds to liquidate such taxes, and had also applied them in procuring quitclaim deeds, reconveying to deceased the title acquired by virtue of a sale of such lands for taxes. Hence, it is clear that this plea was in no sense a counterclaim in the original action.

Relative to the third point made, counsel cite from Bliss's Code Pleading (2d ed.), § 396, as follows:

" As to the proper mode of correcting a departure, whether by demurrer or motion, courts are not in perfect harmony, but all agree that if the parties go to trial without raising the question, judgment will not be arrested."

This is undoubtedly a correct statement of the law on this subject, but objection was made to the introduction of evidence in support of the counterclaim. As a general rule, a question of departure should be raised by some appropriate plea, but where, as in this case, the questions to be determined were indicated in advance, the objection to the introduction of evidence saved the point, that the counterclaim was not only a departure from the original cause of action, but embraced matters outside of the inquiry to which the trial court was limited. The petition for rehearing is denied.

*Petition denied.*