(No. 4428)

THE PEOPLE EX. REL. WARREN ET AL v. CARPENTER, DISTRICT JUDGE, ET AL.

1. APPELLATE PRACTICE—MANDATE OF REVIEWING COURT—OBE-DIENCE OF TRIAL COURT.

Trial courts must yield obedience to the mandates of reviewing courts, yet such obedience is not to be a blind, but an intelligent obedience, and an error of the trial court in executing such mandate does not render the action void but the error may be corrected in an appropriate way.

2. SAME—MANDAMUS.

Mandamus under certain circumstances is an appropriate remedy to compel obedience by the trial court to the mandate of an appellate court, but where a trial court in its efforts to follow the mandate of the reviewing court commits error, mandamus is not an appropriate remedy, but the error may be reviewed by appeal or writ of error.

*Petition for Writ of Mandamus.*

When the appeal of *Warren et al v. Adams* was before this court at the January, 1894,, term the de-

cree of the lower court holding appellants as trustees for the benefit of appellee of the lands in controversy was affirmed, but its execution was suspended as to the conveyance of the title until the amount found to be due to the appellants, if any, on account of the payment of taxes, was refunded. That the amount might be ascertained the cause was remanded with instructions to the court below to take an accounting and require payment to appellants before divesting their title. *Warren v. Adams*, 19 Colo. 515.

Upon receipt of the remittitur, the district court proceeded to execute the mandate, took an accounting and embraced therein matters not theretofore in issue and upon its findings entered judgment. From this judgment the defendants (Warren et al.) appealed to this court, and at the March, 1900, term, the same was set aside because of the error of the district court in attempting to follow those instructions. The cause was remanded "with directions to dismiss the cross-complaint of plaintiff" (which set forth the new issues just referred to) "and render judgment in favor of defendants for the amount of taxes found to have been paid by them and deceased upon the lands in question, with interest, and that such sum, together with the costs incurred by them in this court in this case, as well as below on the accounting, be repaid by plaintiff before title to such lands vested in him, and that, on failure to pay such sum within some reasonable time to be fixed by the trial court, the decree establishing the trust be set aside, and the action of plaintiff dismissed." *Adams v. Warren et al.*, 27 Colo. 293; 61 Pac. Rep. 609.

When the cause again reached the district court,

and on the 27th day of December, 1900, upon an application and showing made by the defendants, it appeared to that tribunal, the fourth division of which was then presided over by the Hon. Calvin P. Butler, that Andy M. Adams, the original plaintiff, was then dead and his heirs were therefore substituted as parties plaintiff.  The court then found that the taxes, interest and costs amounted to $3797.42, and ordered plaintiffs to pay the same to defendants within ninety days from that date, and upon failure to do so the decree in plaintiff's favor theretofore rendered should become inoperative and the action be dismissed.

At a subsequent term of the same court and in the same division and before Hon. John I. Mullins, presiding judge therein, but within the ninety days, to-wit, on the 24th day of March, 1901, the same being during the January term, Thomas B. Stuart and Charles A Murray, who had rights in the decree as. grantees of Andy M. Adams of certain undivided interests in the real estate involved, applied for an order subrogating them to all the rights of defendants in the personal judgment which the mandate contemplated, upon the payment by Stuart and Murray of the amount thereof.  The ground of the application was that none of the plaintiffs (the heirs of Adams) in the action would or could pay that judgment, and Stuart and Murray having undivided interests in the lands in question, in order to protect their interests were obliged to pay it, and when they did so, in equity, they were entitled to be subrogated to all the rights of defendants therein.  Upon a hearing of this application, which was supported by evidence, at which the defendants, without objecting to its being heard, appeared by their attorneys and par-

ticipated, an order of allowance was entered making the subrogation, and no exception was taken to it.

Afterwards, on the 17th day of April, 1901, the same being at a subsequent term, viz. the April term, before the Hon. Samuel L. Carpenter, one of the five judges of the court, who, in the order of rotation observed by them was assigned to division four, in which the cause was still pending, the defendants, Warren et al. made their application asking him to set aside and disregard the previous order of Judge Mullins and to carry out the mandate of this court by entering an order dismissing the action for the failure of the plaintiffs to comply with the prior order made by Judge Butler. This application was denied by Judge Carpenter. He interpreted the order of Judge Butler, requiring the plaintiffs to pay the judgment within ninety days, as a continuing one that carried the cause from the December to the January term of court; that it was not a final judgment, as was that of judge Mullins, and that the district court of the proper division still had jurisdiction of the cause and was invested with the authority at the term when, and as it was, exercised by Judge Mullins, to change or modify the same; and that the district court, as then presided over by him, would not, even though the action of Judge Mullins was erroneous, assume to disregard the judgment of the latter and nullify it by entering an order dismissing the action.

No exception was taken to this judgment of the court, speaking through Judge Carpenter, and no appeal or writ of error was prayed or taken from either that or the judgment pronounced by Judge Mullins.

The defendants now come into the supreme court

and ask for a writ of mandamus to compel the district court and Judge Carpenter, the judge thereof, to enter an order dismissing the action, which they say is the only way to carry out the mandate of this court since the plaintiffs failed to comply with the condition precedent imposed thereby and made effective and definite by Judge Butler acting under our authority.

Mr. DANIEL PRESCOTT and Mr. THOMAS MACON for petitioners.

Mr. THOS. B. STUART and Mr. CHAS. A. MURRAY for respondents.

*Per Curiam* (after stating the facts). It is the position of petitioners that, under our mandate, the court below had no discretion whatever in its execution; that the mandate contemplated merely that the trial court should, by an accounting or otherwise, ascertain the amount of taxes, interest and costs which the plaintiffs in that action were required to pay in order to secure the fruits of their decree, and that when this amount was ascertained the only additional thing the lower court could do was to order the same to be paid within a reasonable time, which, if done, would of itself confer upon the plaintiffs all the rights to which they were entitled, but, if not complied with, the action must summarily be dismissed.

We do not feel called upon to decide at this time what was the limit of power, or extent, if any, of the discretion possessed by the district court in executing this mandate. It is to be observed, however, that when a mandate of a reviewing court is issued to an inferior tribunal, the latter must yield obedience to

it, yet it is not to be a blind, but an intelligent obedience. Nowhere has the doctrine been better expressed than by Mr. Justice Field while sitting in the circuit court of the United States in the case of *The South Fork Canal Co. v. Gordon*, 2 Abbott's U. S. Reps. 479. He says: "The judgments of that tribunal (that is, the appellate court) are founded upon the records before it, and those judgments will be unhesitatingly enforced, except as their enforcement may be modified or restrained by events occurring subsequent to the period covered by the records. That such events may modify, and often do modify, the mode and manner of enforcement, is well known to all members of the profession. The death of the parties, partial satisfaction, * * * are instances where this result is frequently produced."

Indeed, in this very case the petitioners themselves recognized that the mandate was not absolutely inflexible by bringing to the attention of the court the fact that the original plaintiff in the action was dead, and asked for and obtained, an order substituting his heirs as parties plaintiff. This action they concede was proper, though not specifically authorized by, or mentioned in the mandate. If the court below in its execution, determined, on account of matters and things which occurred subsequent to its issuance, that in justice to either of the parties and without contravening any provision of the mandate, some further inquiry should be made and some further orders entered, even though the determination was erroneous, it does not render such action void, and the error, if any, may be corrected in an appropriate way.

Expressly disclaiming any intention to indicate our opinion as to the correctness or incorrectness of the determination of Judge Mullins, we are clearly of

opinion that this application should be denied. It is true that, in certain circumstances, mandamus is an appropriate remedy to compel obedience by the trial court to the mandates of an appellate tribunal; but because it is an appropriate remedy it does not follow that it is the only one, or that it will always be granted. In a late case in the supreme court of the United States, *Ex Parte The Union Steamboat Co.*, 178 U. S. 317, Mr. Justice Brown, speaking for the court, after having declared that mandamus was an appropriate remedy, said: "It is equally well settled, however, that such writ, as a general rule, lies only where there is no other adequate remedy and that it cannot be availed of as a writ of error. * * * The inferior court is justified in considering and deciding any question left open by the mandate and opinion of this court, and its decision upon such matter can only be reviewed upon a new appeal to the proper court."

This doctrine is sustained by the great weight of authority in this country, as will be seen from a collection of the cases in High's Ex. Legal Remedies (3d ed.) § 177 *et seq.* § 190 *et seq.* Such, also, is the established rule in this state. *People v. District Court*, 26 Colo. 399; *People ex rel. v. Butler*, 24 Colo. 401; *People etc. v. Judge etc.*, 18 Colo. 500. Many other authorities to the same point might be cited, but to do so would encumber, without strengthening the opinion.

It appears, therefore, that petitioners are asking this court by mandamus to compel the district court of Arapahoe county, as presided over by Judge Carpenter, to disregard and set at naught a previous judgment of one of his associates in the same court, and summarily enter an order of dismissal. It is clear that they have or, unless lost by neglect, had a

remedy by appeal or writ of error from the judgment of Judge Mullins. They did not object to Judge Mullins entertaining the application of Stuart and Murray, nor did they except to the judgment when it went against them. They are endeavoring to convert the writ of mandamus into an appeal or writ of error for the review of an alleged erroneous order of the district court entered in a matter over which it clearly had jurisdiction. Indeed, in this very case, upon the second appeal, an erroneous ruling was brought to our attention by an appeal and there rectified. *Adams v. Warren et al.*,27 Colo. 293; 61 Pac. Rep. 609.

If, therefore, the district court has not carried out our mandate, its action may be, or might have been, corrected by appeal or writ of error in the ordinary and regular course of the established practice, and therein its judgment could be, or might have been, modified or the proper judgment entered. That being true, the petitioners are not entitled to a writ of mandamus. The rule to show cause heretofore issued is therefore discharged and the petition dismissed.

*Petition dismissed.*