RAMOS, Plff.,

*v.*

PEOPLE OF PORTO RICO, Dft.

---

San Juan, Law, No. 682.

STAY OF EXECUTION DIRECTED BY MANDATE.

Supreme Court Mandate—Lower Court.

1. Where the direction of the Supreme Court is clear, the lower court can do nothing except execute the order; but a certain amount of discretion is allowed the lower court as to the method of such execution.

Supreme Court—Federal Court in Porto Rico.

2. The Federal court of Porto Rico may, in its discretion, control the time and mode of enforcing the mandate of the Supreme Court so as to avoid injustice or undue hardship.

VII. Porto Rico—11.

Ramos v. People.

Government—Individual.

    3. An individual may realize upon his property at will, but a government can only pay out of current revenues after appropriation. Execution against the property of a state means a different thing from execution against the property of a citizen, and the lower court may take this into account in enforcing the execution directed by the Supreme Court.

Stay of Execution—Equalizing Conditions.

    4. While the government will be protected in such manner as to equalize it with an individual debtor, the interest of the judgment creditor will be protected by allowing stay of execution only upon payment by the government of interest and expenses.

Opinion filed July 10, 1914.

---

*Mr. Frank Antonsanti,* for plaintiff.

*Mr. W. H. Pitkin,* Attorney General, and *Mr. H. L. Kern,* Assistant Attorney General, for defendant.

HAMILTON, Judge, delivered the following opinion:

This court heretofore directed the stay of execution in this case for thirty days, now soon to expire, and the defendant makes application that the stay be extended until the adjournment of the next session of the legislature of Porto Rico, filing therewith certain affidavits and other proof. The facts have been sufficiently stated in the previous opinion of this court June 3, 1914.

The action of this court was taken from the necessity of the case, in order to allow the parties time to see what could be done, whether by application to the Supreme Court or to

Ramos v. People.

branches of the local government. Since that time the Supreme Court adjourned, and the local government makes the offer to pay $750 cash on the judgment, and to pay over the income of the property.

The first thing to be done is to see whether this court has any power to proceed further in the matter.

1. The general rule unquestionably is that where the mandate or other direction of the Supreme Court is clear, the lower court has no authority to do anything except to execute the order. It cannot vary the direction or do anything except settle what has been remanded. Sibbald v. United States, 12 Pet. 488, 9 L. ed. 1167; West v. Brashear, 14 Pet. 51, 10 L. ed. 350; The Santa Maria, 10 Wheat. 439, 6 L. ed. 360; Re Washington & G. R. Co. 140 U. S. 91, 35 L. ed. 339, 11 Sup. Ct. Rep. 673.

On the other hand, a certain amount of discretion must be allowed to the lower court as to the method of executing the decree of the Supreme Court. While the general direction is that of the Supreme Court, it is, like all other executions, subject to the proper control of the lower court. The mandate is to be interpreted according to the subject-matter to which it has been applied, and not in a manner to cause injustice. Story v. Livingston, 13 Pet. 359, 10 L. ed. 200. While the lower court must yield obedience to the mandate, yet it is to be an intelligent, and not a blind, obedience. People ex rel. Warren v. Carpenter, 29 Colo. 365, 68 Pac. 221; Brown v. Walker, 84 Fed. 532; Ex parte Burrill, 24 Cal. 350.

2. It would seem, therefore, that this court has power to control the time and mode of enforcing the mandate of the Supreme Court so as to avoid injustice or undue hardship.

The situation of Porto Rico makes this peculiarly important. It is a possession or territory of the United States 1,500 miles from the United States, with many institutions different from those of the mainland.   This court must exercise its judicial discretion so as to give effect to the law, and not to the will of the judge.   Tripp v. Cook, 26 Wend. 143.   The court thinks that it should exercise that discretion in this case.   If it is wrong, the wrong can be remedied upon the reassembling of the Supreme Court in October next, while if this court should fail to act and injustice resulted, there would be no remedy in any form.

The facts of this case seem to be that the legislature in making appropriations for the University of Porto Rico took into account the supposed ownership by the university of the escheated property of Eliza Kortright, and overlooked entirely the fact that this was not only in litigation, but pending before the Supreme Court.   The judgment in the case amounts to about $7,600 and it has been levied upon this Kortright property.   The evidence varies as to the value of the property.   The plaintiff shows that it is assessed for taxes at $9,200, while the defendant introduces affidavits of several competent witnesses that it is worth from $15,000 to $17,000.   If sold under execution, there is, under the local law, no power in the defendant to purchase and no right of redemption.   While these serious consequences will result to the defendant, the worst that can happen to the plaintiff is that he will be kept out of his money for such time as the execution may be stayed.   The law has fixed a rule governing the case of forbearance of the collection of a debt.   It has deemed that interest is in general a sufficient compensation.

3. The court cannot ignore the fact that there is a difference between a government and an individual so far as relates to the handling of property and the power to realize upon it. An individual can sell or mortgage at will; the government can only pay out of the current revenues and after specific appropriation by the legislative department. In Porto Rico the legislature had adjourned before this mandate was issued by the Supreme Court, and will not reassemble until January, 1915. Provision is, of course, made for extra sessions, but this is an expensive remedy. A session of the legislature would cost more than the debt itself. Execution means a different thing, therefore, when ordered against the property of the state from execution issued against the property of a citizen. This is a part of public administration which the court judicially knows. If, therefore, the court is to put the defendant, the People of Porto Rico, upon equality with an individual citizen in the matter of execution, it must delay the enforcement of the execution until such time as an appropriation can be had. We have the assurance of the governor that he will recommend such an appropriation, and the court will not lightly assume that the legislature will not conform to the recommendation.

4. On the other hand, the interest of the plaintiff must be conserved. He is not to blame for the condition of the defendant. If plaintiff is to wait on the execution, enough money to pay interest and expenses of the delay must be provided by the defendant. No question of the ultimate enforcement of the execution is raised. There can be no further appeal or variation of the rights of the plaintiff.

An order, therefore, will be entered providing that, upon the payment by the defendant into court or to the plaintiff of the

sum of $700 on account of the judgment, and payment also of costs of these proceedings, execution for the balance is stayed until the adjournment of the next session of the legislature, not later than March 1, 1915, and that in the meantime the defendant shall pay over to the plaintiff from time to time the net income of the property levied on, to be also credited on the judgment.