No. 14,534.

MEYER *v.* MILLIKEN ET AL.
(100 P. [2d] 151)

Decided February 13, 1940.   Rehearing denied March 4, 1940.

Mr. W. E. CLARK, for plaintiff in error.

Mr. JEAN S. BREITENSTEIN, Mr. JOHN G. REID, Mr. JOHN H. SHIPPEY, Mr. HAROLD H. HEALY, Mr. Y. A. LAND, for defendants in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

This case was before us on a former occasion. *Meyer v. Milliken,* 101 Colo. 564, 76 P. (2d) 420. The concluding paragraph of our opinion then announced reads as follows: "The judgment is reversed and the cause remanded with directions to enter judgment in favor of plaintiff and against W. B. Milliken and Margaret Milliken, and each of them, and the Texas Production Company and the Ohio Oil Company and each of them, for any and all monies shown to have been paid the Millikens by virtue of the Wyoming decree and that an order be entered enjoining the defendants, the Millikens, from in any way interfering with the collection by plaintiff of the proceeds from the interest herein involved or to be involved in the future."

Effort was made by defendants in error to have our action reviewed by the Supreme Court of the United States, but certiorari was denied on the ground that, "it does not appear from the record that there is a final judgment." *Milliken v. Meyer,* 305 U. S. 598.

On remand, no further evidence was offered and no changes in the pleadings were made in the district court. Both sides presented a form of judgment, and each objected to the form submitted by the other. The court signed the one tendered by defendants in error, which, omitting the caption, was in words and figures as follows:

"This matter coming on to be heard pursuant to the remittitur of the Supreme Court of the State of Colorado, the plaintiff appearing by her attorney, W. E. Clark, the defendants William B. Milliken and Margaret M. Milliken appearing by John G. Reid and Jean S. Breitenstein, their attorneys, the defendant Texas Production Company appearing by Yates A. Land, its attorney, and the defendant The Ohio Oil Company

534

appearing by Harold H. Healy, its attorney, and it appearing to the Court that none of the parties have additional evidence to be offered and that the evidence adduced at a former trial as shown by the Bill of Exceptions contained in the transcript of record of this cause in the Colorado Supreme Court should be held and considered as all of the evidence herein and the Court having examined said evidence and having heard the arguments of counsel and having examined the remittitur of the Supreme Court and being now well and fully advised in the premises doth find that the judgment and decree of the District Court of Carbon county, Wyoming, entered on July 11, 1931, in favor of the defendant W. B. Milliken and against R. D. Meyer, now deceased, is void and of no effect; that the plaintiff is entitled to all of that certain one-sixteenth of the net profits derived, or to be derived, from the oil and gas operations covered by, and provided for, in that certain agreement entered into between R. D. Meyer and Transcontinental Oil Company and dated August 31, 1922; that the defendants W. B. Milliken and Margaret M. Milliken should be enjoined and restrained from in any way interfering with the rights of the plaintiff therein and thereto and from in any way interfering with the collection by the plaintiff of the proceeds of said interest which have accrued and which may hereafter accrue; and that the plaintiff is entitled to judgment herein in accordance with the prayer of her complaint.

"It is accordingly considered, ordered, adjudged, and decreed,

"1. That the judgment of the District Court of Carbon county, Wyoming, entered on July 11, 1931, in that certain action entitled W. B. Milliken, plaintiff, vs. Transcontinental Oil Company, a corporation, and R. D. Meyer, defendants, the same being docket No. 2148 in said Court, is null, void and of no effect.

"2. That plaintiff do have and recover of and from the defendants, William B. Milliken and Margaret M.

Milliken, and each of them, and Texas Production Company and The Ohio Oil Company, and each of them, the sum of Four Thousand Eight Hundred Twenty-nine and 49/100 Dollars ($4,829.49), which said sum is the total of moneys shown to have been paid to the said Millikens by virtue of the aforesaid Wyoming judgment, together with interest on said sum of Four Thousand Eight Hundred Twenty-nine and 49/100 Dollars ($4,829.49), at the rate of six per cent. per annum from the 29th day of October, 1935, which interest is the sum of Nine Hundred Sixteen and 68/100 Dollars ($916.68), and making the sum total of said judgment so rendered and to be entered Five Thousand Seven Hundred Forty-six and 17/100 Dollars ($5,746.17), together with the costs by plaintiff incurred herein, both taxed and to be taxed, and let execution issue therefor.

"3. It is further ordered and adjudged that defendants The Ohio Oil Company and Texas Production Company do have and recover the same amount so adjudged against them of and from the defendants William B. Milliken and Margaret M. Milliken and each of them, and that defendant Texas Production Company do have and recover the same amount so adjudged against it of and from the defendant The Ohio Oil Company; provided, however, that in the event the defendants William B. Milliken and Margaret M. Milliken, or either of them, pay, satisfy and discharge the judgment rendered against them in favor of plaintiff herein, then and in that event defendants The Ohio Oil Company and Texas Production Company shall satisfy and discharge their judgment herein given against said defendants William B. Milliken and Margaret M. Milliken, and Texas Production Company shall also satisfy and discharge its judgment herein given against The Ohio Oil Company, and provided, further, that in the event The Ohio Oil Company shall pay, satisfy and discharge the judgment herein rendered against The Ohio Oil Company, the Texas Production Company shall satisfy and discharge

the judgment herein rendered against The Ohio Oil Company and in favor of Texas Production Company.

"4. It is further ordered that the defendants William B. Milliken and Margaret M. Milliken, be, and they hereby are, enjoined and restrained from in any way interfering with the collection by the plaintiff of that certain one-sixteenth (1/16) of the net profits of the oil and gas operations covered by that certain agreement entered into between R. D. Meyer and Transcontinental Oil Company and dated August 31, 1922.

"It is further ordered that the Clerk of this Court shall forthwith issue a permanent writ of injunction in accordance with this decree.

"The Court finds that the filing of a motion for a new trial herein is not necessary, and it is, therefore, ordered that the same be and is hereby dispensed with.

"The Court finds that the transcript of record heretofore prepared and certified by the Clerk of this Court is a true and correct transcript of the pleadings and proceedings in this cause prior to the issuance of the writ of error by the Supreme Court of Colorado, under which said cause was reviewed by the said Supreme Court, and it is accordingly ordered that such transcript so prepared and certified shall be taken and considered as a true and correct transcript of the pleadings and proceedings in this cause prior to the issuance of said writ of error by the Supreme Court of Colorado, without the necessity of the re-writing or re-certification of said transcript.

"All parties are granted 60 days within which to tender a bill of exceptions. It is ordered that execution be stayed for a period of 30 days from and after this date.

"Done in open Court this 27th day of December, A.D. 1938.

"(Signed) Robert W. Steele, Judge."

Two assignments of error are directed to the action of the trial court: 1. Its refusal to sign the judgment order tendered by plaintiff in error. 2. Its signing the

one prepared by defendants in error, because the latter "does not conform to nor is it in accordance with the remittitur, mandate and direction of this court, and in particular that such judgment order contains and has made a part of it certain judgments over, which are matters not before this court for determination and are not mentioned or in any way referred to in the remittitur, mandate and directions of this court, but are in fact such judgments as should be entered, if at all, pursuant to stipulation of counsel for the respective defendants, as appears in the abstract of record in this case at folios 541 to 553 [original case No. 14155], under the subject Opening Statements; and for the further reason that the judgment order so prepared by the defendants and signed by the court, contains certain findings by the trial court not directed or authorized by the remittitur and mandate of this court, and further contains certain matters pertaining to the proposed review by the defendants of the judgment in the United States Supreme Court, which is not properly any part of a judgment order such as plaintiff is entitled to under the remittitur, mandate and directions of this court."

1. Our disposition of this second assignment of error renders unnecessary discussion of the first.

2. It should be noted that there is no reference to the Supreme Court of the United States in the judgment, unless the reference to the certification of the record could be so construed, but since counsel admits the correctness of the record we see no reason for this complaint.

As to the complaint concerning judgments over, in favor of the Ohio Company, in paragraph 3 of the decree, plaintiff in error admits it would have been proper if entered "pursuant to stipulation of counsel for the respective defendants." We think the stipulation appearing in the record is sufficient to justify the recitation of the judgment over. It was impossible for the trial court to so decree in the first instance because the ultimate

success of the plaintiff in error had not been established. Counsel for both oil companies agreed to the form of the decree signed, although they excepted to its entrance because it was adverse to them.

■■ In our former opinion, reported in 101 Colorado, supra, we said, page 580, "Equity therefore requires that the substance of this controversy controls rather than exactness in form." "It is to be observed * * * that when a mandate of a reviewing court is issued to an inferior tribunal, the latter must yield obedience to it, yet it is not to be a blind, but an intelligent obedience." *People v. Carpenter,* 29 Colo. 365, 369, 370, 68 Pac. 221. We conclude that there was a sufficient compliance with the remittitur.

The error, if any there were, is clearly harmless. We should aid in the expedition of litigation where we can do so with justice to all. We believe that to be the result here.

Cross assignments of error may be summarized in the principal point that we failed to give full faith and credit to the Wyoming judgment. Our disposition of that question on the former hearing was: "In this equitable action, it is not a matter of the courts of this state being concerned about the full faith and credit of the constitutional provisions relative to judgment of a sister state, the important question being as to the effect of the judgment of a sister state—palpably void on its face—upon the rights of citizens of this state who are parties to the equitable cause of action in this state. A court of this state unquestionably has the power to enjoin the enforcement of such a foreign judgment between the citizens of this state who are before the court and in the state." 101 Colo., supra, page 583. We adhere to that statement, which adherence disposes of the cross assignments.

We deem it only fair, under the circumstances here disclosed that the parties pay their own costs incurred

on this writ of error, and it is so ordered. Otherwise, the judgment is affirmed.

MR. JUSTICE OTTO BOCK not participating.