PLAINTIFF in error is hereinafter referred to as defendant and her deceased husband as Meyer. Defendant in error is referred to as plaintiff and her deceased husband as Milliken.
The county court entered a judgment allowing the claim of plaintiff against the uninventoried estate of Meyer. To review that judgment defendant prosecutes this writ and specifies five alleged errors. These are argued under three headings, i.e., (1) Plaintiff's claim was not properly exhibited; (2) the judgment is not supported by the evidence; (3) the uninventoried estate is not subject to the payment of the claim.
The claim in question was for approximately $42,000 and interest and was founded upon a judgment of the district court of Carbon County, Wyoming. The uninventoried estate was a profit interest in the operation of certain oil companies, which operations were known as the Moffat Pool, and which interest for the years 1935-6-7-8-9 amounted to more than $10,000. The existence and validity of the Wyoming judgment and the failure to inventory the interest in the Moffat Pool were found by the county court and are overwhelmingly established. *Page 115 
The Wyoming judgment was upheld in the Denver district court in a suit brought by defendant to vacate, on leave of the county court granted at defendant's request. That judgment was reversed here on writ of error, but affirmed by the United States Supreme Court to which the cause was taken on certiorari. Meyerv. Milliken, 101 Colo. 564, 76 P.2d 420; Meyer v.Milliken, 105 Colo. 532, 100 P.2d 151; Milliken v.Meyer, 311 U.S. 457, 61 Sup. Ct. 339, 85 L. Ed. 278, 132 A.L.R. 1357; Meyer v. Milliken, 107 Colo. 295,111 P.2d 232.
[1] 1. Our statute requires that a claim against an estate, founded upon a writing, shall be exhibited by filing the "instrument of writing, or an exemplification of the record whereon such claim is founded." '35 C.S.A., c. 176, § 201. Here an exemplified copy of the Wyoming judgment was filed. Defendant says the statute calls for an exemplified copy of the judgment roll. The exact point was before this court more than twenty years ago and decided contrary to defendant's contention. Scholtzv. Hazard, 68 Colo. 343, 347, 191 Pac. 123. As against this counsel cite certain cases decided by this court involving promissory notes, and one involving a "transcript of the judgment docket." Clearly these are not in point. He cites one, however, which is illuminating. Therein the claim was by a mortgagee for taxes paid on the mortgaged lands as per a covenant in the mortgage. What was there presented was the note secured by the mortgage, the tax receipts, and an affidavit showing where the mortgage was recorded. The court held that the statute called for the mortgage itself. Gilmour v.Bank, 21 Colo. App. 301, 121, Pac. 767. Now the mortgage (trust deed) had no efficacy unless the mortgagor had title, just as the Wyoming judgment had non here unless that court had jurisdiction. But there the mortgage only, and here the judgment only, is called for by the statute. Defects, if any, which might be disclosed by further probing are matters of defense. Prima facie *Page 116 
the mortgagor is presumed to have title and the court jurisdiction.
[2, 3] 2. On this point it is sufficient to say that defendant recognized the obligation of the Wyoming judgment, provided it was good, when she sought and obtained an order of the county court permitting her to sue to set it aside and brought that suit. The ultimate result was a decision of the Supreme Court of the United States sustaining that judgment and that decision is res judicata as between these parties.
[4] 3. As to claims against estates our statute provides: "All demands not filed within one year [from the granting of letters] as aforesaid, and afterwards allowed, shall be forever barred, unless such creditor shall find other estate of the deceased not inventoried or accounted for by the executor or administrator; in which case his claim shall be paid pro rata out of such subsequently discovered estate, * * * ." '35 C.S.A., c. 176, § 195, Fifth. Plaintiff's claim was not filed within one year, but since this Moffat Pool was not inventoried the statute would seem applicable and the judgment proper. Contra, defendant relies upon her petition, filed some six weeks after the inventory, and subsequent order and suit to set aside the Wyoming judgment, plus a certain sum disclosed by the inventory as paid by one of the oil companies, as a sufficient compliance with the statute. Claimants, however, are entitled to look to the inventory. They are neither obliged to rely upon hints that something may be hidden, nor required to search court records for possible suits which indicate an attempt to salvage assets not inventoried. Here was an inventory which revealed an estate so small that any attempt on the part of plaintiff to satisfy any substantial portion of her claim out of its assets would have been folly. The trial court not only found no inventory of this Moffat Pool interest but specifically found that defendant "never intended to include same as shown by the fact that the inheritance tax certificate and waiver is the *Page 117 
same as the original inventory." It is a sufficient answer to this last mentioned contention to call attention to the purpose of such inventory as set forth in section 374, page 1159, 23 C. J., and the detailed mandatory requirements of a valid inventory as set forth in section 145, chapter 176, '35 C.S.A.
Again counsel insists that if the uninventoried estate were known to the administratrix at the time of the exhibition of the claim the creditor cannot resort to it on the theory of new discovery. National Bank v. Hotchkiss,49 Colo. 593, 114 Pac. 310. A careful reading of that case gives him no consolation and discloses that the words to which he ties are no part of the decision. What an administrator knows in this respect is immaterial unless he has complied with the statute and disclosed that knowledge in his inventory, and it is generally immaterial who makes the discovery. Townsend v.Thompson, Executrix, 24 Colo. 411, 51 Pac. 433.
The judgment is affirmed.
MR. JUSTICE HILLIARD dissents.