505 P.2d 26 (1973)
John Cecil HYLTON, Plaintiff-Appellant,
v.
CITY OF COLORADO SPRINGS, Defendant-Appellee.
No. 72-044.
Colorado Court of Appeals, Div. I.
January 9, 1973.
*27 Raymond Duitch, Colorado Springs, for plaintiff-appellant.
Gordon D. Hinds, City Atty., Jane E. Freeman, Deputy City Atty., Colorado Springs, for defendant-appellee.
Selected for Official Publication.
ENOCH, Judge.
Plaintiff-appellant, John Cecil Hylton, was convicted on June 19, 1967, of reckless driving in the Municipal Court for the City of Colorado Springs (City). A fifteen day jail sentence and a $100 fine were imposed. Hylton appealed this conviction to the El Paso County Court pursuant to 1965 Perm.Supp., C.R.S.1963, 139-36-2, which was applicable at that time.
Since the municipal court was not a court of record, the appeal to the county court was required to take the form of a trial de novo. Hylton was found guilty in the county court trial, and a $100 fine and a fifteen day jail sentence were imposed. This conviction was appealed to the district court. On February 24, 1969, the District Court for El Paso County ordered that the county court judgment in favor of the City be affirmed. The county court then remitted the order to the City for execution.
Hylton, upon learning of the City's intent to execute on the original judgment of the municipal court, initiated in the district court on January 19, 1972, an injunctive action to restrain the City from executing on its judgment. The City moved for a dismissal of the action. On February 8, 1972, the district court sustained the City's motion to dismiss and made the following conclusions of law, inter alia:
"2. That the trial de novo of such conviction. . . and subsequent notices thereof . . . is a writ of procedendo in sufficient form and substance to authorize and empower the Municipal Court. . . to seek execution on its monetary judgment and jail sentence previously imposed by the Municipal Court. . . and re-imposed by the County Court . . . on the trial de novo pursuant to the appeal. . . .
3. . . . that the Municipal Court did not lose jurisdiction over [Hylton] to enforce its judgment as a result of the appeal, trial de novo and imposition of sentence by the County Court. . . ."
Hylton appeals to this court from the district court's judgment dismissing the injunction action.
In resolution of this case we must address ourselves to three questions: (1) Does the municipal authority retain or regain jurisdiction over the particular case after an appeal from the municipal court's judgment is initiated in the county court? (2) After disposition of the appeal by a trial de novo resulting in a judgment in favor of the City, can the City then execute on its original judgment? (3) If the original judgment of the City cannot be enforced, can the City then issue execution on the county judgment?

I.
Under normal appellate procedures a trial court loses its jurisdiction over a case as soon as an appeal is perfected in the appellate court. See William F. Larrick, Inc. v. Burt Chevrolet, Inc., 147 Colo. 133, 362 P.2d 1030; Scott v. Watkins, 61 Colo. 244, 157 P. 3; Midland Terminal Railway Co. v. Warinner, 10 Cir., 294 F. 185. Until the disposition of the appeal is announced, the trial court defers to the appellate *28 court, but when the appellate court announces its decision to affirm, reverse, remand, or modify, then under Colorado law the trial court is automatically reinvested with jurisdiction. Paul v. Luttrell, 1 Colo. 491. Upon regaining jurisdiction the trial court, through the use of its own enforcement procedures, is then responsible for execution on its own judgment in accordance with any directions issued by the appellate court.
The above procedure is applicable to appeals taken from judgments entered in courts of record. The situation relative to the case at hand, however, is distinguished because of its trial de novo aspect. The statutory appellate provisions applicable to this case are silent in regard to procedures for execution, C.R.S.1963, 139-36-1 et seq., as amended, as are the provisions currently in force, 1969 Perm.Supp., C.R.S.1963, 37-22-14 et seq. The legislature has indicated its intent, however, through related statutory language.
If the municipal court is not a court of record, the cause is tried de novo to the county court. If the municipal court is a court of record, the cause is heard on the record, and the practice and procedure is to be the same as provided for in regard to the appeal of misdemeanor convictions from county courts. 1965 Perm.Supp., C.R.S.1963, 139-36-2. The appeal of misdemeanor cases, when tried de novo by the district court, results in the judgment being that of the district court and so enforceable. 1965 Perm.Supp., C.R.S.1963, 37-17-15(7). Thus the enforceable judgment is that of the district court, not the county court, and there is no remand to the county court. The new judgment is enforced by the district court. This procedure, when superimposed upon the municipal court by statute, can lead to no other result than to require the county court, when hearing a cause do novo and rendering an independent judgment, to enforce its judgment through its own processes.
Therefore, we hold that the City lost its jurisdiction over Hylton when Hylton perfected his appeal to the El Paso County Court. That jurisdiction was not regained.

II.
The district court, in denying injunctive relief to appellant, erred in its characterization of the judgment which the county court rendered in the City's favor. In stating as a conclusion of law that the judgment previously imposed by the municipal court was "re-imposed," the district court breathed undeserved life into a judgment irreversibly put to death by the initiation of the first appeal.
Although not definitive in all aspects of appeals from municipal courts, C.R.S.1963, 139-36-1, et seq., as amended, is clear as to which judgment is to be given effect and as to the scope of that judgment. It is the duty of the trier of fact "to determine from the trial de novo only whether the appellant had violated the ordinance." The trial judge of the county court, the trier of fact if a jury does not sit, shall then hear and consider any material facts in mitigation or aggravation of the offense and shall then "impose a penalty as provided by law." (Emphasis supplied.) C.R.S.1963, XXX-XX-XX. From this language it is clear that there is no revival of the municipal court judgment, and the county court, in effect, substitutes a new and independent judgment. Further, the trial judge is given the discretion to impose a penalty limited only by statutory parameters and one which is not limited by the action of the municipal court.
The fact that the penalties imposed by the municipal court and the county court are often the same is not significant. There in no requirement for them to be so. In the instant case the penalty imposed by the county court happens to be identical to that of the municipal court so, in effect, it should not matter to Hylton upon which judgment execution is taken. The basis of this appeal indicates, however, that it did matter to Hylton, for he seeks to be executed upon under the county court judgment. Hylton is correct as to which judgment *29 is enforceable, but he is correct for the wrong reason.
Hylton states that the judgment rendered against him in the municipal court is a "civil claim" against him when taken to the county court. He admits that the City would have had the authority to impose both a fine and a jail term on him had he not appealed from the municipal court judgment; however, since the case was removed to the county court with the municipal court judgment no longer in effect, Hylton asserts that the county court can only levy a fine and cannot impose a jail term. We do not agree.
The ordinance in question provides for a fine and a jail sentence. Under the logic of plaintiff's argument the municipal court would have the power to impose a jail term in its own judgment, but the power to do so would be meaningless since a guilty party so sentenced would have to do no more than initiate an appeal to the county court to have the jail term portion of his sentence forever set aside.
On appeal to the county court, if a jury sits, statutory law requires that the jury determine only whether the ordinance had been violated. The trial judge has the responsibility of imposing "a penalty as provided by law." C.R.S.1963, XXX-XX-XX. The "law" can be none other than the municipal ordinance. Thus, whether the action and the penalties are characterized as criminal, quasi-criminal, or civil, the county court is empowered by statute to impose a sentence within the limits provided by the municipal ordinance, but it is nevertheless a county court judgment.

III.
Generally, an order to execute must be issued out of the court which rendered the judgment. 33 C.J.S. Executions § 56. The exceptions are when the record is transferred to another court and when another method is provided for by statute. Neither exception is applicable to the situation at hand. Thus, the municipal court has no power to issue execution on a county court judgment. The county court must issue execution on its own judgment. See Wolfe v. Smith, 194 Okl. 201, 148 P.2d 161.
In summary, we hold that where there is an appeal taken from a judgment of a municipal court which is not a court of record, the following rules are applicable. (1) A municipal court loses its jurisdiction over a particular case upon perfection of an appeal from a final judgment to the county court. (2) The original judgment of the municipal court becomes defunct and can never be revived. Any execution must be made on the county court judgment, regardless of the fact that the county court judgment may be the same as the municipal court judgment and may impose an identical penalty. (3) The municipal authority does not have the power to execute on the county court's judgment. The county court must enforce its own judgment and any fine imposed shall be paid into the county court for remittance to the municipality. Any jail sentence imposed must be served in the city jail or such facilities as used by the city upon order of the county court.
The judgment is reversed and cause remanded with directions to reinstate the injunction proceedings and to grant a permanent injunction restraining the City from executing on its judgment in the municipal court.
COYTE and DWYER, JJ., concur.