No. 26238

**James C. Harris v. John H. Heckers, as Manager of the Department of Revenue, State of Colorado**
(521 P.2d 766)

Decided April 29, 1974.

40 

Richard L. Ott, for plaintiff-appellee.

John P. Moore, Attorney General, John E. Bush, Deputy, Dennis J. Sousa, Assistant, for defendant-appellant.

MR. JUSTICE HODGES delivered the opinion of the Court.

 The Department of Revenue appeals the decision of the district court in which the "implied consent law" (1971 Perm. Supp., C.R.S. 1963, 13-5-30) was declared unconstitutional. We reverse and hold that the statute is constitutional.

The Department of Revenue suspended the automobile driver's license of Harris for refusing to submit to any of the chemical sobriety tests. The suspension was for six months from the date of the hearing. The district court interpreted the statute to require the six months to run from the date of the hearing for residents but from the date of the violation for non-residents. As so interpreted, the district court held that the statute denied equal protection.

1971 Perm. Supp., C.R.S. 1963, 13-5-30(3)(e) provides:

". . . the department shall forthwith revoke said person's license to operate a motor vehicle, or, if said person is a nonresident, his privilege to operate a motor vehicle within this state, for a period of six months; *or* if the person is a

resident without such license, the department shall deny to such person the issuance of a license for a period of six months after the date of the alleged violation." (Emphasis added.)

The district court erroneously interpreted the statute. The placement of the semicolon in the statute creates the following two classes; (1) both residents with licenses and non-residents have the six-month period imposed from the date of the hearing, whereas, (2) residents without licenses are denied issuance of a license for a period of six months from the date of the violation. The issue, therefore, is whether there is a rational reason for treating residents with licenses and non-residents differently than residents without a license.

The legislature obviously treated residents without a license differently in anticipation of the non-licensed driver who obtains a license in the period between the violation and the hearing. In such a case, it would be meaningless to deny issuance of a license for six months from the date of the hearing, since the driver would have already obtained a license. Furthermore, the suspension of the new license could arguably be unconstitutionally retroactive, *i.e.,* he would lose something which he did not have at the time of the violation but acquired after the violation. *See Campbell v. Superior Court,* 106 Ariz. 542, 479 P.2d 685 (1971).

Courts should not seek reasons to find a statute unconstitutional. Rather, it is the duty of courts to presume the statute is constitutional. In order to prevail, one who attacks a statute must prove its invalidity beyond a reasonable doubt. These basic rules of statutory interpretation by courts were most recently set forth in *People v. Sneed,* 183 Colo. 96, 514 P.2d 776. The trial court not only misinterpreted the statute but failed to apply these rules.

The statute is declared constitutional. The case is remanded to the district court for a determination of the other errors alleged by Harris at the trial court level.