PER CURIAM
*117 The appellant’s driver’s license was revoked by the appellee pursuant to the provisions of 1971 Perm. Supp., C.R.S. 1963, 13-5-30(3).
On review, the trial court entered a judgment upholding the revocation. The appellant seeks reversal and asserts that the implied consent law is unconstitutional.
In Harris v. Heckers, 185 Colo. 39, 521 P.2d 766, we held that the implied consent law is constitutional and rejected the same arguments which the appellant makes in this appeal.
The appellant also contends that the revocation should be reversed because after his arrest, for driving while under the influence of alcohol, he was not properly, adequately or correctly informed of his rights under the implied consent law. Also, he argues that he was not adequately informed of the probable consequences of his refusal to submit to a chemical test to determine the alcohol content of his blood.
In Vigil v. Motor Vehicle Division, 184 Colo. 142, 519 P.2d 332, we were confronted with similar arguments and held them to be without merit. There is nothing in this record when related to these arguments which would dictate a different result than reached in Vigil.
The judgment is affirmed.
MR. CHIEF JUSTICE PRINGLE does not participate.