Senator Leslie R. Fowler Senate Chamber State of Colorado Denver, Colorado 80203
Dear Senator Fowler:
QUESTION PRESENTED AND CONCLUSION
The question has been raised whether the existence of the Colorado Commission on the Status of Women violates the Equal Rights Amendment to the Colorado Constitution.
In my opinion it does not, for the following reasons.
ANALYSIS
A long line of Colorado cases sets the legal precedent that courts presume statutes constitutional, and a party attacking a statute has the burden of establishing invalidity beyond a reasonable doubt.People v.Sneed, 514 P.2d 776 (1973), Harding v. Industrial Commission, 515 P.2d 95
(1973), Gates Rubber Co. v. South Suburban Metro Rec. Parks Dist.,516 P.2d 436 (1973), People v. Summit, 517 P.2d 850 (1974), and Harrisv. Heckers, 521 P.2d 766 (1974).
The legislature established the Colorado Commission on the Status of Women in 1972 with the following language:
 The general assembly finds and declares that the state of Colorado strives to promote the equality of all its citizens; that there has existed in the state, by executive order of the governor, the Colorado commission on the status of women; that there is continuing need within the state to improve the status of women; and that the creation of a statutory commission can help to fulfill that need. Section 24-34-201(1), C.R.S. 1973.
The statute creating the Commission is presumed constitutional, and the language of the statute does not contravene art. III, § 29 of the Colorado Constitution:
 Equality of rights under the law shall not be denied or abridged by the state of Colorado or any of its political subdivisions on account of sex.
It should be noted that all states except Texas have a commission on the status of women. None of these commissions have been found to violate state equal rights amendments; neither have civil rights commissions enforcing laws to rectify race and sex discrimination been found to violate the equal protection clause of the fourteenth amendment to the United States Constitution. The United States Supreme Court refused to rule in DeFunis v. Odegaard, 416 U.S. 312, 40 L.Ed.2d 164, 94 S.Ct. 1704
(1974), that a challenge to preferential treatment in university admissions granted to certain minority racial groups violated the equal protection clause of the fourteenth amendment. The same day the Court allowed to stand a provision of Florida law granting widows, but not widowers, an annual $500 property tax exemption which was challenged on equal protection grounds. In upholding the Florida preference, the court said:
 There can be no dispute that the financial difficulties confronting the lone woman in Florida or in any other State exceed those facing the man. . . . There are, of course, efforts under way to remedy this situation.Kahn v. Shevin, 416 U.S. 351, 40 L.Ed.2d 189, 94 S.Ct. 1734
(1974).
The Kahn decision was not based on an equal rights amendment, but the rationale of the Supreme Court indicates support for state statutes designed to improve the status of women.
SUMMARY
Existence of the Colorado Commission on the Status of Women does not violate the Colorado Constitution. I hope this information is useful.

 Very truly yours,
 J.D. MacFARLANE
 Attorney General
WOMEN
CIVIL RIGHTS
DISCRIMINATION
EQUAL PROTECTION

C.R.S. 1973, 24-34-201(1)
Colo. Const. art. II, § 29
LEGISLATIVE BRANCH Senate REGULATORY AGENCIES, DEPT.
Existence of the Colorado Commission on the Status of Women does not violate the Colorado Constitution.