**James Leroy FISH, Plaintiff-Appellant,**

v.

**Alan CHARNES, Director of the Department of Revenue, State of Colorado, William A. Cassell, Director of Motor Vehicle Division and George Theobald, Director of Hearing Section, Defendants-Appellees.**

No. 82SA108.

Supreme Court of Colorado,
En Banc.

Oct. 18, 1982.

Jack Kintzele, Denver, for plaintiff-appellant.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., James R. Willis, Sp. Asst. Atty. Gen., Denver, for defendants-appellees.

LOHR, Justice.

James Leroy Fish appeals from a judgment of the Jefferson County District Court that affirmed an order of a hearing officer of the Colorado Department of Revenue suspending the appellant's driver's license for three months pursuant to section 42–4–1202(3), C.R.S.1973 (1981 Supp.) (implied consent law). We affirm the judgment.

The appellant was the driver of an automobile that collided head-on with a van as the vehicles rounded a curve on Colorado Highway No. 46 in Gilpin County on October 18, 1977. In the course of the ensuing on-scene investigation, a Colorado State Highway Patrol officer talked with the appellant, detected a strong odor of intoxicating liquor about him, noticed that he was staggering and had wobbly balance, and observed that his eyes were bloodshot and his pupils dilated. The officer then asked the appellant to walk the center line of the road. He had difficulty doing so, and the patrolman decided that a chemical test should be administered to determine the alcoholic content of his blood. The officer then advised Fish of his rights under the implied consent law, after which Fish refused to submit to a chemical test. The Department of Revenue thereafter issued a notice to Fish to show cause why his license to operate a motor vehicle should not be revoked, in accordance with the implied consent law procedure. *See* section 42–4–1202(3)(e).

At the show cause hearing before a Department of Revenue hearing officer, Fish was represented by counsel. The investigating patrolman testified about his obser-

vations of Fish's condition at the accident scene, his advisement to Fish under the implied consent law, and Fish's refusal to submit to a chemical test. Fish offered no reason for declining to take the test, even though the hearing officer specifically asked if he had any evidence that the administration of the test would not have conformed to rules and regulations of the Colorado State Board of Health. *See* section 42–4–1202(3)(e). The hearing officer ruled that reasonable grounds existed to require a chemical test, the advisement procedures were proper, and the chemical tests were offered and refused. The hearing officer ordered that the appellant's driver's license be revoked for three months.

The appellant sought review of the hearing officer's ruling by the Jefferson County District Court and obtained an order of that court staying the license revocation pending completion of review proceedings. The record reflects no significant progress in the case until March 26, 1981, more than three years· after the initial pleadings were filed, when, on the district attorney's motion, the district court dismissed the case pursuant to C.R.C.P. 41(b)(1) for Fish's failure to prosecute. Fish appealed to the Colorado Court of Appeals. Thereafter, on June 1, 1981, Fish filed a motion in the district court seeking vacation of the March 26, 1981, order of dismissal, and the motion was granted on that same day. The court of appeals issued an order to show cause why the appeal should not be dismissed when Fish did not file his opening brief, and the court dismissed the appeal on July 21, 1981, at Fish's request. The district court then proceeded to consider the matter on its merits and affirmed the hearing officer's order of revocation on September 17, 1981. The license revocation order continues to be stayed pending the final outcome of this appeal.

Fish again appealed to the Colorado Court of Appeals, asserting that: (1) because of the extensive delay in resolving the matter it would be inequitable now to implement the revocation order, (2) the patrolman's affidavit by which the revocation procedures were initiated is fatally deficient because of conflict with his testimony at the revocation hearing, (3) the patrolman testified from notes at the hearing, but the hearing officer declined the appellant's request to receive these notes in evidence, (4) due process of law was violated by delay in the offer of the chemical test in that the results would not have been probative of the appellant's blood alcohol level at the time of the accident, (5) there was no proof that the accident occurred on public property, and (6) the implied consent law is unconstitutional because of its incorporation by reference of Colorado State Board of Health rules and regulations. The case was transferred to this court pursuant to section 13–4–110(1)(a), C.R.S.1973, because of the challenge to the constitutionality of the implied consent law. *See* section 13–4–102(1)(b), C.R.S.1973.

In addition to responding to Fish's contentions of error, the appellees, who are officers of the Department of Revenue, assert that this appeal is not properly before us for procedural reasons. We address that issue first and then consider the points of error raised by Fish.

### I.

The procedural difficulties began when the district court purported to vacate its earlier order dismissing the review proceeding for failure to prosecute. At the time of the order of vacation, a notice of appeal had been filed and jurisdiction was in the court of appeals, not the district court. *Hylton v. Colorado Springs,* 32 Colo. App. 9, 505 P.2d 26 (1973). The procedural problems were compounded when the court of appeals then dismissed the pending appeal on application of Fish without specifically remanding the case to the district court for further proceedings. The appellees contend that, as a result, the district court's order vacating its order of dismissal was void for lack of jurisdiction. They also assert that because of the absence of an order of remand the district court never again acquired jurisdiction to consider the hearing officer's order on its merits. Thus,

the argument proceeds, the district court's judgment on the merits is a nullity because the case has been fully resolved by the district court's March 26, 1981, order of dismissal for failure to prosecute and the court of appeals' dismissal of the appeal from the resulting judgment of dismissal.

Although the appellees' contentions have technical merit, we think that the intendment of the various orders is clear and leads to a different result. The apparent purpose of the dismissal of the appeal from the district court's order of dismissal after the district court vacated that order was to permit the case to go forward to a review on its merits in that court. The absence of language of remand in the court of appeals' mandate cannot obscure that purpose. By proceeding to review the hearing officer's ruling, the district court implicitly reaffirmed its own earlier order vacating the dismissal, demonstrating its intent to confirm the order after the court had reacquired jurisdiction when the case was returned from the court of appeals. We elect to give effect to the apparent purpose of the orders, and so reject the argument that the appeal should be dismissed. We now proceed to consider the merits of the appellant's assignments of error.

## II.

## A.

█ Fish asserts that because of the long delay in resolving his challenges to the hearing officer's order of revocation the order cannot equitably be implemented at this time. Our review of the record reflects no effort on the appellant's part to bring this case to resolution on its merits until after it had been dismissed for want of prosecution more than three years after it was commenced. Under these circumstances we perceive no inequity to Fish in delayed implementation of the hearing officer's order.

## B.

█ The appellant's next claim is that the patrolman's sworn report was improperly used as a basis for initiating the license revocation proceeding under section 42–4–1202(3) because an inaccurate statement in that affidavit vitiates the effect of the entire affidavit. The report states that "the subject refused to submit to any chemical test of his/her blood, breath, or urine," but the patrolman's testimony before the hearing officer reflected that he did not offer Fish the option of a urine test, contrary to the implication in the sworn report.[1] The patrolman's testimony does establish, however, that he read to Fish the entire contents of a detailed advisement form that fully informed Fish that he had no right under the implied consent law to be offered the option of a urine test. The statute requires only that the person to be tested may request that a blood test be used, but that if the subject declines to allow a blood sample to be drawn the arresting officer may elect either a breath test or urine test as the alternative procedure for determining blood alcohol content. Section 42–4–1202(3)(a). In compliance with the statute, the patrolman first offered Fish a blood test, and upon the appellant's refusal, the patrolman exercised his right to elect and offered Fish the breath test. We perceive no prejudice to Fish resulting from the alleged erroneous implication in the sworn report that a urine test was offered, and we reject the appellant's contention that such a minor, nonprejudicial error renders the report or the proceeding a nullity.

## C.

█ Fish contends that the patrolman had no clear recollection of events and had to testify from his notes. He asserts that the hearing officer erred under those circumstances in refusing the appellant's re-

1. An equally plausible implication from the statement in the sworn report is that the subject was offered one or more of the three tests. The affidavit form used by the patrolman was preprinted and most likely drafted for use in a variety of situations because the arresting officer is required only to offer a blood test and either a breath test or urine test under the statute.

quest that the notes be received in evidence. Under the State Administrative Procedure Act, sections 24–4–101 to –108, C.R.S.1973 (1981 Supp.), the Department of Revenue hearing officer[2] has some flexibility in his adherence to the civil rules of evidence in order to promote the fact finding process. Section 24–4–105(7), C.R.S.1973. A review of the record reflects that the hearing officer was concerned about obtaining a full development of the facts. The patrolman used his notes in testifying only to refresh his recollection. The appellant's counsel was given full opportunity to review those notes, and he cross examined the officer extensively about them. This cross examination fully developed the fact that initially the officer had made a mistake in his notes in matching the drivers with their respective vehicles. The apparent purpose of offering the notes was to provide further evidence of that mistake. As we said in considering a similar issue in *People v. Jones,* 193 Colo. 250, 255, 565 P.2d 1333, 1336 (1977), through the cross-examination the defendant "received the equivalent impeachment effect that admitting the notes into evidence might have had." Under these circumstances the appellant's contention lacks merit.

### D.

■ Fish next argues that because the chemical test was not offered until an hour and a half after the accident it would not have been probative of his blood alcohol content at the time of the accident. Although his argument is not fully developed, the appellant's point appears to be that to predicate license revocation on refusal to submit to a chemical test of such allegedly dubious probative value denies him due process of law. The appellant was given the opportunity to present evidence on the probative value of the blood test at the hearing but offered no more than a bare assertion that the results of the requested test would have no relevance to a determination of his blood alcohol content at the

time of the accident. We also note that the implied consent law places no time limit on the administration of the test. We conclude that Fish has established no factual basis for his due process objection.

### E.

■ Fish asserts that the proof was fatally deficient in that it was not shown at the license revocation hearing that he was driving on public property. This claimed defect is based on *State Motor Vehicle Division v. Dayhoff,* 199 Colo. 363, 609 P.2d 119 (1980), where we held that the implied consent law does not apply to the operator of a vehicle when not driving on a public highway. The record, here, however, contains uncontradicted evidence that Fish was driving on Colorado State Highway No. 46 at the time of the accident that led to his arrest. Thus Fish's claim of evidentiary insufficiency is refuted by the record.

### F.

■ The appellant's final contention is that the implied consent law is unconstitutional because of its reference to the Colorado State Board of Health rules and regulations, principally by reason of the uncertainty resulting from changes in those regulations from time to time. The statute provides in relevant part:

> If reasonable grounds are established [to believe that the subject was driving a motor vehicle while under the influence of, or impaired by, alcohol] and said person is unable to submit evidence that his physical condition was such that, according to competent medical advice, such test would have been inadvisable or that the administration of the test would not have been in conformity with the rules and regulations of the state board of health ... the department shall forthwith revoke said person's license to operate a motor vehicle ....

Section 42–4–1202(3)(e).

Here, Fish did not assert that his refusal to take the test was related to the manner in

---

**2.** The State Administrative Procedure Act applies to all departments in the executive branch including the Department of Revenue. *See* sections 24–4–102(3), 24–4–107 and 24–1–110, C.R.S.1973.

which the test was to be conducted even though he was specifically asked by the hearing officer whether he wished to offer evidence on this point. Therefore, the appellant has not shown that he was adversely affected by the incorporation of board of health rules and regulations so that he would be entitled to challenge the constitutionality of this statute. *See People v. Blue,* 190 Colo. 95, 544 P.2d 385 (1975). Under these circumstances we decline to consider his challenge to the constitutionality of the statute.[3]

We affirm the judgment of the district court.

---

**3.** We note, however, that the statute has withstood constitutional challenges on numerous other grounds in the past. *Sweeney v. Department of Revenue,* 185 Colo. 116, 522 P.2d 101 (1974); *Harris v. Heckers,* 185 Colo. 39, 521 P.2d 766 (1974); *Vigil v. Motor Vehicle Division,* 184 Colo. 142, 519 P.2d 332 (1974); *People v. Brown,* 174 Colo. 513, 485 P.2d 500 (1971).