**Connie Raymond POWELL, Petitioner,**

**v.**

**Honorable Richard H. HART, Judge, Eagle County District Court, Respondent.**

No. 92SA453.

Supreme Court of Colorado, En Banc.

July 6, 1993.

Connie Raymond Powell, pro se.

Fredric Butler, Eagle, for petitioner.

Peter F. Michaelson, Dist. Atty., Fifth Judicial Dist., Timothy A. Meinert, Chief Deputy Dist. Atty., Eagle, for respondents.

Justice VOLLACK delivered the Opinion of the Court.

Petitioner Connie Raymond Powell (Powell) appeals from a district court ruling in *People v. Powell,* No. 89CR112, wherein the district court ordered judgment on a jury verdict after supplementing the record.[1] We issued a rule to show cause and now make the rule absolute.

## I.

On July 25, 1990, the district court entered judgment on a jury verdict finding Powell guilty of first-degree sexual assault. During trial, Powell objected to the jury's unsupervised review of an audiotape interview of Powell by a police officer during their deliberations. The district court, however, denied his objection. Powell appealed his conviction to the court of appeals, contending that the district court erred by allowing the jury to review the audiotape interview during their deliberations, among other things. The court of appeals concluded that unsupervised use of an audiotape constituted reversible error. Thus, the court of appeals reversed the judgment of conviction and remanded the cause for a new trial.

The People of the State of Colorado filed a petition for writ of certiorari, and Powell filed a cross-petition, from the court of appeals opinion. On July 20, 1992, this court denied the petition and cross-petition. Accordingly, on August 5, 1992, the court of appeals entered an order remanding the case to the district court with directions to conduct a new trial.

On September 9, 1992, the People filed a motion for supplemental findings and to deny Powell's motion for a new trial in the district court. The People argued to the district court that the facts of the case were not accurately stated by the defendant to the court of appeals. The People stated that "[t]he attached affidavits [of a

1. We have jurisdiction over this proceeding pursuant to C.A.R. 21.

detective and of counsel for the People] show that not only did the jury not listen to the tape while deliberating, but also that there was no equipment provided to the jury which would have enabled them to listen to the tape."

On October 15, 1992, the district court entered a minute order stating that the court "has supplemented the record and finds that the tape did go to the jury, but no machine was given to the jurors; substantial error was admitted, orders judgment to enter on jury verdict with record supplement being incorporated to the court of appeals." We subsequently issued a rule to show cause.

## II.

 Powell contends that the district court improperly disregarded the order of the court of appeals remanding the case with directions to conduct a new trial. The People conversely contend that the district court properly made supplemental findings under C.A.R. 10(e), and was thus entitled to disregard the court of appeals mandate to conduct a new trial.

 It is axiomatic that an inferior trial court must comply with the mandate of a superior appellate court. *See Green v. Green,* 170 Colo. 197, 198, 460 P.2d 224, 224 (1969) (holding that the supreme court has jurisdiction to compel a lower court to follow an order of remittitur); *Meyer v. Milliken,* 105 Colo. 532, 538, 100 P.2d 151, 153 (1940) (quoting *People v. Carpenter,* 29 Colo. 365, 68 P. 221) ("[W]hen a mandate of a reviewing court is issued to an inferior tribunal, the latter must yield obedience to it."), *cert. granted,* 310 U.S. 622, 60 S.Ct. 1099, 84 L.Ed. 1395, *rev'd on other grounds,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940); *Hylton v. City of Colorado Springs,* 32 Colo.App. 9, 12, 505 P.2d 26, 28 (1973) (holding that, when trial courts regain jurisdiction over cases after disposition on appeal, trial courts are responsible for executing judgments in accordance with the directions issued by the appellate court). To reach a contrary conclusion—that edicts of appellate courts are merely discretionary and not binding upon lower courts—would render appellate court opinions advisory in nature and would undermine the judicial system.

The People contend, however, that the district court actions in holding a hearing amount to modification or correction of the record, since Powell inaccurately presented the facts of the case to the court of appeals. It was incumbent on the People to present the facts accurately to the court of appeals in the appeal of right taken by Powell. The district court was thus obligated to conduct a new trial in the present case after the court of appeals issued its remand with directions.

We make the rule to show cause absolute.