The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Marcus SEACRIST, Defendant–Appellant.

No. 91CA1411.

Colorado Court of Appeals, Div. IV.

Dec. 2, 1993.

Rehearing Denied Jan. 20, 1994.

Certiorari Denied June 6, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Katherine M. Clark, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Beth L. Krulewitch, Robin Adair Carey, Deputy State Public Defenders, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Defendant, Marcus Seacrist, appeals the judgment of conviction entered upon a jury verdict finding him guilty of one count of sexual assault on a child. We affirm in part and remand the cause with directions.

On October 24, 1989, the victim, an 8–year–old daughter of defendant's girlfriend, revealed to her therapist during a regularly scheduled therapy session that defendant had touched her in inappropriate places. The victim had been receiving therapy for, among other things, suspected sex abuse. Authorities were notified of the child's allegations, and, upon further investigation, defendant was charged by information with four counts of sexual assault on a child.

## I.

Defendant first contends that the trial court erroneously admitted the testimony of the victim's seven-year-old sister. He raises two bases for the asserted error, but we find neither persuasive.

## A.

Defendant first argues that the trial court applied the wrong standard in determining whether the victim's sister was competent to testify. Specifically, defendant contends that the witness' competency should have been evaluated under § 13–90–106(1)(b)(I), C.R.S. (1987 Repl.Vol. 6A), rather than the less demanding standard provided under § 13–90–106(1)(b)(II), C.R.S. (1987 Repl.Vol. 6A). Defendant claims that the latter statute is applicable only to child *victims* and not to other child witnesses. We agree with the trial court's ruling.

Section 13–90–106(1)(b)(I) establishes the general principle that children under the age of ten are incompetent to testify if they "appear incapable of receiving just impressions of the facts respecting which they are examined or of relating them truly." However, the General Assembly provided an exception to this standard in 1983 when it amended the statute by adding § 13–90–106(1)(b)(II).

Under this latter statute, a child may be competent to testify in sexual assault cases if "the child is able to describe or relate in language appropriate for a child of that age the events or facts respecting which the child is examined."

In determining the General Assembly's intent in adopting this statute, we look first to its plain language, giving the statutory terms their commonly accepted and understood meaning. *People v. Guenther*, 740 P.2d 971 (Colo.1987). Applying this standard, we conclude that the plain language of the statute authorizes *any* child to testify in sexual assault cases if the child's testimony satisfies the statutory requirements.

We find additional support for this conclusion in the presumption that the General Assembly was aware that qualifying language could be added to limit application of the statute to victims and that it would have done so if such had been its intent. *See Commercial Federal Savings & Loan Ass'n v. Board of Equalization*, 867 P.2d 17 (Colo. App.1993). In fact, two other statutes, also enacted in 1983, contained the requisite qualifying language by limiting application of the enactment to child *victims* of sexual assault only.

Thus, Colo.Sess.Laws 1983, ch. 168, § 13–25–129 at 629, as originally enacted, provided, in relevant part:

> An out-of-court statement made by a child ... describing any act of sexual contact, intrusion, or penetration ... *performed with, by, or on the child declarant*, not otherwise admissible by a statute or court rule which provides an exception to the objection of hearsay, is admissible in evidence in criminal proceedings *in which the child is a victim* of an unlawful sexual offense....   (emphasis added)

Also, in Colo.Sess.Laws 1983, ch. 197, § 18–3–413 at 694, the General Assembly provided that a deposition may be "taken of the *victim's* testimony and that the deposition be recorded and preserved on video tape" in sexual assault cases when the "*victim* is likely to be medically unavailable." (emphasis added)

Hence, in our view the trial court applied the correct standard in determining whether the child witness here should be permitted to testify.

## B.

We also reject defendant's argument that, even under the more relaxed standard established in § 13–90–106(1)(b)(II), the child-witness was not competent to testify.

■ The determination of a child's competency to testify is a decision addressed to the discretion of the trial court, and its resolution of that issue may not be disturbed on appeal absent a determination that this discretion has been abused. *People v. Vialpando*, 804 P.2d 219 (Colo.App.1990).

■ While we might have determined the question differently, we are unable to conclude that the trial court abused its discretion in finding that the child was competent to testify under § 13–90–106(1)(b)(II). Considering that the witness was a child of approximately six years of age at the time of the competency hearing, we conclude that there is evidence to support the finding that she was able to describe, in language appropriate for her age, what she observed. Specifically, she testified to having seen clothes on the floor while looking underneath a door at the time the assault occurred, to then opening the door and peeking in to see the defendant on top of the victim, and to then telling her younger sister what she had seen.

While we agree that other language used by the witness such as "sex abuser" does not appear to be age appropriate, there is no statutory requirement that all of the child's testimony meet the standard. Hence, we are unable to conclude that the trial court abused its discretion in deeming the child-witness competent.

## II.

Defendant next asserts that the trial court erred in allowing a defense witness to testify on cross-examination about an argument the witness had with defendant. Defendant claims this was error because the testimony revealed prior bad acts of defendant and

suggested that he had a criminal charge pending. Again, we find no reversible error.

■ Cross-examination by questions that focus on the motive of a witness are generally permitted, and evidence tending to impeach the witness' testimony or reflect bias may be allowed. *People v. Walker*, 666 P.2d 113 (Colo.1983).

■ Here, on cross-examination, the witness denied being afraid of defendant. The witness also denied being knocked down by defendant during an argument between defendant and his girlfriend.

Given these answers, the prosecution was entitled to present extrinsic evidence of remarks the witness made to a 911 dispatcher which contradicted her prior testimony. *See People v. Taylor*, 190 Colo. 210, 545 P.2d 703 (1976).

Because the trial court limited the questions to those relevant to the motive and credibility of the witness, there was no abuse of discretion in permitting this cross-examination.

## III.

Defendant next contends that the trial court erred in not following the test concerning the admissibility of other-crime evidence set forth in *People v. Spoto*, 795 P.2d 1314 (Colo.1990) before allowing a physician to testify that the sexual assault had occurred more than once. Defendant also argues that even if this evidence were admissible, the trial court erred in not providing a limiting instruction to the jury in accordance with the holding in *People v. Garner*, 806 P.2d 366 (Colo.1991). We disagree.

■ Because no contemporaneous objection was made to the admission of this evidence, the plain error standard of review applies. *Espinoza v. People*, 712 P.2d 476 (Colo.1985).

■ In *People v. Spoto, supra*, our supreme court established a four-part analysis to determine whether evidence of prior acts is admissible. However, under some circumstances, it is unnecessary either to apply that analysis or to provide limiting instructions to

the jury. *See People v. Lindsey,* 805 P.2d 1134 (Colo.App.1990). Specifically, comments regarding events surrounding a crime that are relevant to establish the context in which the crime was committed are admissible, even if such indicate the commission of unrelated offenses. *People v. Tauer,* 847 P.2d 259 (Colo.App.1993); *People v. Lindsey, supra.*

■ Here, the physician examined the victim shortly after the assault and testified about the victim's physical condition at the time. During his testimony, the physician gave an expert opinion about how recently the victim had been assaulted and how often it had occurred.

Statements regarding the condition of the victim were relevant to understand the context in which the crime was committed. Hence, we conclude that the doctor's testimony was admissible without application of the *Spoto* analysis and that no limiting instruction was required. Thus, no error, much less plain error, appears.

We have considered and find no merit in defendant's similar contentions regarding the testimony of the victim and a therapist.

### IV.

■ We also reject defendant's contention that the trial court erred in not striking a hearsay statement included in an answer by the victim's therapist to the effect that the victim stated to the therapist that it was "real important that I tell the truth."

Even if we assume that the victim's statement was not admissible to establish her state of mind pursuant to CRE 803(3), in the context of the therapist's other testimony as well as the other evidence presented at trial, this statement was insignificant. Thus, we view the error, if any, as harmless. CRE 103(a).

### V.

Finally, defendant contends that the trial court violated his rights under the due process clauses of the United States and Colorado constitutions, as well as his rights of confrontation and cross-examination, by failing to provide all of the victim's mental health records authorized by the court's pretrial order. Specifically, defendant argues that exculpatory evidence contained in the pages of the mental health records not furnished to him could have been used in his defense to present alternative suspects to the jury such as a former stepfather. Defendant also complains that cross-examination of the victim was impeded, and that he was unable to present potentially exculpatory evidence from a therapist concerning the possibility of sexual contact with the victim by a peer. We are unable to resolve this issue based upon the record before us.

The record reflects that the mental health records in question were first submitted to the trial court for an in camera inspection. Based upon that review, the trial court entered an order defining what topics addressed in the records should be made available to defense counsel. The court also organized the documents into two separate stacks representing those which should be produced and those which should not. However, some of the documents placed in the "not provided to defendant" category should, in fact, have been furnished to counsel by the terms of the court's order. The error was discovered for the first time by appellate defense counsel in reviewing the record certified to this court.

Initially, we reject the prosecution's suggestion that the record is unclear on what documents were furnished to defendant and what were not. The pertinent volume of the record was prepared and certified by the clerk of the court, the court's notation and signature on two of the documents indicate which records were produced and which were not, and the various documents are not arranged in any manner as to suggest any error by the clerk in preparing the record.

■ Under these circumstances, and absent an affirmative showing by the prosecution that the certified record is not correct, we must accept the record on appeal as filed. *See* C.A.R. 10(e); *see also Powell v. Hart,* 854 P.2d 1266 (Colo.1993) (if prosecution contends that defendant misstated facts on appeal, it is incumbent upon the prosecution to present the facts accurately).

The defendant contends, and the prosecution concedes, that certain of the records not produced contain additional information which support an "alternate suspect" theory relative to the victim's former stepfather as well as a possibility that the victim may have been involved in sexual contact with a peer. However, the limited record now before us suggests that the former stepfather may have been incarcerated at all times relevant to the offense. Similarly, we are unable to determine from the record standing alone whether any credible evidence exists as to sexual contact with a peer.

Hence, we conclude that the case must be remanded on this issue for a hearing to determine whether the failure to produce the records constitutes harmless error beyond a reasonable doubt. *See Topping v. People,* 793 P.2d 1168 (Colo.1990).

The cause is remanded for further proceedings concerning the medical records and for ruling by the trial court as to defendant's constitutional challenge to the treatment of those records. If no constitutional error is found, then the judgment of conviction stands affirmed, subject to defendant's right to appeal that ruling. If reversible error is found by the trial court, then the judgment is reversed and defendant must be accorded a new trial.

REED, J., concurs.

BRIGGS, J., concurs in part and dissents in part.

Judge BRIGGS concurring in part and dissenting in part.

I concur in the court's judgment and join in Parts I–IV of the opinion. I write separately in regard to Part V because of my disagreement with what appears to be the purpose and scope of the remand for further proceedings.

Defendant seeks reversal of the conviction based on the alleged failure of the court to provide defense counsel at trial with all of the victim's mental health records authorized by the court's pre-trial order of October 29, 1990. The court had ordered that defendant have access to the victim's mental health records for the times she received therapy preceding the filing of the information in this case and for the therapy the victim received from the therapist who testified at trial. Defendant asserts that the certified record on appeal establishes that the court failed to provide all of these records to defense counsel at trial and that this violated defendant's right to due process, as well as his rights of confrontation and cross-examination.

Defendant bases his argument solely on the mental health records included in the record on appeal. On page one of those records there is a handwritten notation: "COPIES OF ITEMS PROVIDED TO DEFENDANT. J.R. Leh 10/29/90." On page 49 of those records there is another handwritten notation: "COPIES OF ITEMS *NOT* PROVIDED TO DEFENDANT. J.R. Leh 10/29/90."

From this record the majority assumes that the notation refers to every page which follows it; that the signature is that of the judge who reviewed the records; that defendant in fact received the first 48 pages of the record and not the remainder; and that this occurred because of oversight by the court. We have no record to support any of these assumptions.

It is the obligation of the party asserting error in a judgment to present a record that discloses the error, for a judgment is presumed to be correct until the contrary affirmatively appears. *Schuster v. Zwicker,* 659 P.2d 687 (Colo.1983). The majority here presumes the opposite: the trial court failed to provide defense counsel with all relevant records and failed to do so through erroneous oversight. The apparent purpose of the remand is to determine whether the presumed error was harmless.

During oral argument on appeal, counsel for defendant stated that trial counsel for defendant had confirmed in a telephone conversation that only the first 48 pages of the record had been provided to defendant. Aside from the fact that even at trial such a statement would be inadmissible hearsay, argument of counsel on appeal is not a substitute for what must be confirmed by the record. *See Westrac, Inc. v. Walker Field,* 812 P.2d 714 (Colo.App.1991).

The fact that the record has been certified establishes no more than that these are authentic documents which by request of either party or by stipulation are directed to be included in the record. *See* C.A.R. 10(a)(1). The mere presence of these records as part of the record on appeal, without more, establishes nothing about the authenticity of the signatures which appear on the records as that of the trial judge. Nor does it establish the truth of the matter asserted in the notes before the signatures.

Even if we were to assume that the signatures on the record are those of the trial judge, and that the court in fact provided to defense counsel at trial only the first 48 pages of the records, there is no basis in the record for assuming that this was the result of an oversight by the trial court. There are other possible explanations for not providing all of the records to the defendant. The trial court may have relied on a basis we have not considered for excepting certain records from the general scope of the order, or it might have determined a modification of its earlier order was justified. We simply cannot determine on the basis of the mental health records themselves, even with the two notations on them, whether such explanations might exist, and if so, whether they might explain the failure to provide defense counsel with the records in question.

Defendant has not sought remand pursuant to Crim.P. 33(c) so the trial court could address a motion for new trial. Such a procedure would have allowed the court to determine whether and why it failed to provide to defendant all the records within the scope of its earlier order. Any appeal from that ruling would present the same issue for review, but with the record created in that proceeding.

Remand is nevertheless appropriate under C.A.R. 10(e), but for a limited purpose. C.A.R. 10(e) provides, in pertinent part, that if any differences arise as to whether the record "truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth."

Here, the record does not fully disclose what occurred at trial. Thus, the cause must be remanded, but solely for the limited purpose of allowing the trial court to establish what actually occurred and why. Defendant can then pursue available remedies based on a true and complete record.

For these reasons, I concur that the cause must be remanded pursuant to C.A.R. 10(e), but I would direct that it be for a purpose and scope narrower than that stated by the majority.